**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Stephen O'Dean PETERSON, and Lana L. Kelsey, Respondents.**

No. C8–85–1187.

Supreme Court of Minnesota.

Jan. 31, 1986.

---

James M. Lehman, Frederic N. Brown, Rochester, for appellant.

Jeffrey Hanson, Rochester, for Stephen Peterson.

Steven S. Fuller, Rochester, for Lana Kelsey.

## OPINION

AMDAHL, Chief Justice.

American Family Mutual Insurance Company obtained further review of an order of the Court of Appeals dismissing its appeal. We reverse and remand to the Court of Appeals for consideration of the appeal on the merits.

The record reflects that judgment in this declaratory judgment action was originally entered on August 8, 1984, as to all matters, but reserving for later order the actual monetary award of attorney fees. Post-trial motions filed by American Family were later denied and an amended judgment was entered on June 7, 1985, identical to the first in all respects but, in addition, inserting the amount of attorney fees awarded. The separate appeals to the Court of Appeals from the denial of post-trial relief and from the judgment were dismissed. We granted the petition to consider the propriety of the dismissal of the appeal from the judgment.

The Court of Appeals' dismissal was based in primary part on this court's decision in *Spaeth v. City of Plymouth*, 344 N.W.2d 815 (Minn.1984). In *Spaeth* we held, *inter alia*, that the trial court had continuing jurisdiction to issue an order awarding attorney fees even after one of the parties had perfected an appeal from the decision on merits of the action. We stated, however, that "[t]o ensure that all aspects come before the appellate court for disposition in one proceeding, we strenuously urge the district courts either to rule on such claims as soon as possible after entry of judgment on the merits or to not enter judgment on the merits until the fees issue has been finally resolved." 344 N.W.2d at 825.

Minn.R.Civ.App.P. 104.01, effective as revised on August 1, 1983, provides in relevant part:

An appeal may be taken from a judgment entered pursuant to Rule 54.02, Minnesota Rules of Civil Procedure, within 90 days of the entry of the judgment only if the trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment. The time to appeal from any other judgment entered pursuant to Rule 54.02 shall not begin to run until the entry of a judgment which adjudicates all the claims and rights and liabilities of the remaining parties.

Minn.R.Civ.P. 54.02 provides:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time

before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the trial court, at the time it entered the original judgment, reserved for later consideration the actual award of attorney fees. The original judgment was entered without the language of R. 54.02. It is our view that R. 104.01 contemplates that in such a situation, absent an express determination by the trial court that the judgment is a final appealable judgment, the 90-day appeal period does not begin to run until the entry of the amended judgment finally adjudicating all issues, including the issue of attorney fees. Such a holding advances our general policy against piecemeal litigation which is reflected in the Rules of Civil Appellate Procedure as well as in our analysis in *Spaeth.*

Reversed and remanded to the Court of Appeals for reinstatement of the appeal.