**APPLE VALLEY SQUARE, Appellant,**

v.

**CITY OF APPLE VALLEY, Respondent.**

**No. C3-91-36.**

Court of Appeals of Minnesota.

July 2, 1991.

Gerald S. Duffy, Anthony J. Gleekel, Siegel, Brill, Greupner & Duffy, P.A., Minneapolis, for appellant.

James F. Sheldon, Michael G. Dougherty, Annette M. Margarit, Severson, Wilcox & Sheldon, P.A., Apple Valley, for respondent.

Carla J. Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by CRIPPEN, P.J., and FOLEY and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

This appeal is from dismissal of a declaratory judgment action challenging the granting of an application for rezoning, and the approval of tax increment financing for a shopping center development. We affirm.

## FACTS

In 1984, appellant Apple Valley Square built a shopping center at the intersection of Cedar Avenue and Dakota County Road 42 in Apple Valley, Minnesota. Some time before 1989, Ryan Construction bought property across Cedar Avenue, directly east of Apple Valley Square. It is undisputed that, when Ryan bought it, the property was flat, unimproved and vacant. It is also undisputed the city had sought to have the property developed as a commercial complex for many years. Ryan planned to build Southport Centre shopping center on the property.

On June 7, 1989, respondent City of Apple Valley held a public hearing on an application by Ryan to rezone the Southport property. No objection to the application was made. On July 13, 1989, the city amended the zoning ordinance governing the Southport property.

On August 3, 1989, Apple Valley Square sent a letter to the city opposing Ryan's application for tax increment financing. On September 21, 1989, the city approved the issuance of general obligation tax increment bonds for financing the Southport development. On the same day, Apple Valley Square sent another letter to the city opposing Ryan's application for tax increment financing. Bids for the sale of the tax increment financing bonds were accepted until October 17, 1989.

On August 10, 1990, Apple Valley Square commenced a declaratory judgment action seeking a determination that the city wrongfully rezoned the Southport property and wrongfully approved tax increment financing. Long before commencement of suit, the tax increment financing bonds had already been issued and sold and the proceeds used to improve the city's infrastructure by building access roads. Shortly after commencement of suit, in September 1990, Target Greatland, the anchor tenant at Southport, opened for business.

The city's motion to dismiss the declaratory judgment complaint was heard by the trial court on October 17, 1990. On December 12, 1990, the trial court filed findings of fact, conclusions of law and an order dismissing the declaratory judgment complaint. An order for judgment pursuant to the December 12, 1990 order for dismissal was filed on January 3, 1991. Judgment was entered on January 4, 1991.

On January 9, 1991, Apple Valley Square filed a notice of appeal from an "Order for Judgment entered on January 4, 1991" pursuant to Minn.R.Civ.App.P. 103.03(a) and (e). On March 8, 1991, this court granted leave to the League of Minnesota Cities to file an amicus curiae brief.

## ISSUES

1. What is the scope of this court's review?

2. Is a justiciable controversy presented by Apple Valley Square's declaratory judgment action?

## ANALYSIS

█ 1. Apple Valley Square purports to appeal from the order for judgment. Such an order is nonappealable. *See* Minn.R.Civ. App.P. 103.03. Nonetheless, in its statement of the case, Apple Valley Square states it is appealing from an order for judgment "entered on January 4, 1991." We therefore treat this as an appeal from the January 4, 1991 judgment, which is appealable under Minn.R.Civ.App.P. 103.-03(a).

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

 In its January 3, 1991 order for judgment, the trial court did not make specific reference to the findings of fact and conclusions of law accompanying the December 12, 1990 order for dismissal. Nonetheless, the findings of fact and conclusions of law are reviewable under Minn.R.Civ. App.P. 103.04.

 2. We find Apple Valley Square has not presented a justiciable controversy. "If an * * * award of effective relief [is] impossible, the case will be dismissed as moot." *Weber v. Albrecht,* 437 N.W.2d 77, 80 (Minn.App.1989). Effective relief here is impossible. Apple Valley Square's case is barred by laches, and must be dismissed as moot.

It is undisputed that during the summer of 1989, Apple Valley Square was aware of the city's actions. Apple Valley Square waited almost a year before it commenced this declaratory judgment action. By then the project was nearly complete.

Apple Valley Square fails to state what relief it seeks, except to have the change in zoning and tax increment financing approval reversed. This is abstract relief and would appear to be in the best interests of no one except Apple Valley Square in the form of reduced competition.

Apple Valley Square has not suggested it is entitled to damages. Furthermore, given the delay in bringing the action and the substantial completion of the project, equitable relief would not be appropriate. The trial court recognized this in the following conclusion of law:

> [T]he rezoning issue is moot and declaratory relief is not proper when there has been substantial investment by the developers and when the physical development of the property is nearly complete and the stores have opened their doors for business.

We agree. We believe the trial court's conclusion applies as well to the issue of tax increment financing.

We also agree with the trial court that a declaratory judgment is not proper as to either the issue of rezoning or the issue of tax increment financing. As the supreme court has stated:

The policy behind the creation of declaratory judgments is to allow parties to determine certain rights and liabilities pertaining to an actual controversy before it leads to repudiation of obligations, invasion of rights, and the commission of wrongs.

*Culligan Soft Water Serv. of Inglewood, Inc. v. Culligan Int'l Co.,* 288 N.W.2d 213, 215–16 (Minn.1979). Apple Valley Square's action is inconsistent with this stated policy behind the creation of declaratory judgments.

### DECISION

Apple Valley Square has not presented a justiciable controversy. The trial court was correct in dismissing the declaratory judgment action.

Affirmed.