T.A. SCHIFSKY & SONS,
INC., Plaintiff,

v.

BAHR CONSTRUCTION, LLC,
et al., Defendants,

Consolidated Lumber Company, d/b/a
Arrow Building Center,
Respondent,

Premier Bank, Appellant,

Larson Contracting, Inc., et al.,
Intervening Defendants,

and

Premier Bank, Appellant,

v.

Bahr Construction & Contracting,
LLC, d/b/a Bahr Construction,
LLC, et al., Defendants,

Consolidated Lumber Company, d/b/a
Arrow Building Center, Inc.,
Respondent.

No. A08–1295.

Supreme Court of Minnesota.

Oct. 22, 2009.

Rehearing Denied Dec. 9, 2009.

Katherine M. Melander, Stephen F. Buterin, Brian W. Varland, Coleman, Hull & Van Vliet, PLLP, Minneapolis, MN, for appellant.

Harvey N. Jones, Harvey N. Jones, P.A., Hastings, MN, for respondent.

## OPINION

MEYER, Justice.

Premier Bank appeals from a district court order determining the validity of four mechanics' liens held by Consolidated Lumber Company, d/b/a Arrow Building Center (Consolidated Lumber). The district court determined the amount of the liens plus interest, and ruled that Consolidated Lumber was entitled to attorney fees, costs, and disbursements to be submitted to the court for approval. The court stated that there was no just cause for delay and directed entry of judgment. Premier Bank did not appeal from the judgment entered on December 13, 2007, but waited to appeal until after the district court awarded attorney fees in a separate order in May 2008.

The court of appeals dismissed Premier Bank's appeal as untimely because it was filed more than 60 days after the December 13, 2007, entry of judgment. We affirm as untimely the court of appeals' dismissal of Premier Bank's appeal on the validity of the mechanics' liens and the fair and reasonable value of the liens. However, because Premier Bank also appealed from the district court order awarding Consolidated Lumber its attorney fees, and because Premier Bank's appeal was filed after judgment for attorney fees was entered, we reverse the court of appeals' dismissal of Premier Bank's appeal from that order and remand to the court of appeals for further proceedings.

Consolidated Lumber sought to foreclose four mechanics' liens against Bahr Construction, LLC. Premier Bank challenged the mechanics' liens, arguing the mechanics' lien statements that Consolidated Lumber recorded with the Ramsey County Recorder's Office were invalid because they failed to describe and identify the liened premises with reasonable certainty, as required by Minn.Stat. § 514.08, subd. 2(5) (2008). The mechanics' lien statements identified the liened property as being located in section 33, Township 30, Range 22, when, in fact, the property was located in adjacent Section 34, Township 30, Range 22.

After a bench trial, the district court found that each of Consolidated Lumber's four mechanics' lien statements contained an incorrect section number and an incorrect and erroneous property identification number, but correctly identified the properties' street addresses. The court's

November 26, 2007, findings of fact and conclusions of law determined that Consolidated Lumber's four mechanics' liens were valid because they identified the property with reasonable certainty as required under Minn.Stat. § 514.08, subd. 2(5). The court concluded that the fair and reasonable value of the mechanics' liens was $172,958.11, and concluded that Consolidated Lumber was entitled to interest in the sum of $12,197.10. The order further stated that "Consolidated Lumber is entitled to reasonable attorneys' fees, costs, and disbursements herein, which shall be submitted to the Court for approval by separate Notice of Motion and Motion." Although neither party had requested the court enter judgment immediately, the court concluded the order with these words: "There being no just cause for delay, let judgment be entered accordingly." Judgment was entered pursuant to the order on December 13, 2007.

Premier Bank did not file an immediate appeal, but did timely file a post-trial motion to amend the district court's findings of fact, conclusions of law, and order for judgment, and a motion for a new trial. *See* Minn. R. Civ.App. P. 104.01, subd. 2. The district court denied the motions on February 1, 2008. Consolidated Lumber served Premier Bank with a notice of filing of that order on February 6, 2008. *See* Minn. R. Civ.App. P. 104.01, subd. 1. On May 22, 2008, the district court awarded Consolidated Lumber attorney fees and costs of $11,543.74. Consolidated Lumber served Premier Bank with a notice of filing

of that order on May 28, 2008; judgment on that order was entered on July 24, 2008.

On July 30, 2008, Premier Bank filed a notice of appeal that referenced both the December 13, 2007, judgment and the May 22, 2008, order, which Premier described as "a final adjudication of all remaining issues set forth in the partial judgment ... entered on December 13, 2007." [1] On August 27, 2008, after briefing by the parties, the court of appeals dismissed Premier Bank's appeal as untimely, concluding that the December 13, 2007, judgment had been immediately appealable because the order "contains the express determinations under Minn. R. Civ. App. P. 104.01 and Minn. R. Civ. P. 54.02 to allow an immediate appeal." The court concluded that Premier Bank should have appealed within 60 days of Consolidated Lumber's notice of filing of the February order denying Premier Bank's post-trial motions—in other words, by April 9, 2008.

I.

Premier Bank argues that the November 26, 2007, order was not properly certified as a final partial judgment under Minn. R. Civ. P. 54.02 because the judgment did not fully adjudicate an entire claim. Whether an order can properly be certified under Minn. R. Civ. P. 54.02 raises a legal question that requires construction and application of a procedural rule, which we review de novo. *Engvall v. Soo Line R.R. Co.*, 605 N.W.2d 738, 741 (Minn. 2000). If an order can properly be certified, we review the district court's decision

1. The notice recites the date of the district court's order as May 23, 2008, but the order was signed and filed on May 22, 2008. This scrivener's error is not fatal in and of itself, as the notice clearly expresses the intent to appeal from the order awarding fees, even though the date of the order is misstated. *See Kelly v. Kelly*, 371 N.W.2d 193, 195–96 (Minn.

1985) (error in notice of appeal regarding the date of judgment for which review was sought was not fatal, where notice was not misleading); *Theis v. Theis*, 271 Minn. 199, 201, 135 N.W.2d 740, 742 (1965) (mistake in notice of appeal regarding date of order appealed from is immaterial when notice is otherwise adequate).

whether or not to do so for an abuse of discretion. *Novus Equities Corp. v. EM–TY P'ship*, 381 N.W.2d 426, 428 (Minn. 1986).

■ We first address whether the November 26, 2007, order could properly be certified as a final partial judgment under Minn. R. Civ. P. 54.02. "In construing procedural rules, we first look to the plain language of the rule and its purpose." *Rubey v. Vannett*, 714 N.W.2d 417, 421 (Minn.2006). Minnesota Rule of Civil Procedure 54.02 states:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54.02 is intended to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation. *Engvall*, 605 N.W.2d at 744. At the same time, the rule is meant to liberalize the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided. *See* David F. Herr & Roger S. Haydock, 2 *Minnesota Practice Series: Civil Rules Annotated* § 54.11 (2004).

■ The district court's use of Rule 54.02's language—"There being no just cause for delay, let judgment be entered accordingly"—does not necessarily make the resulting judgment a final partial judgment pursuant to Minn. R. Civ. P. 54.02.[2] *See Brookfield Trade Ctr., Inc. v. County of Ramsey*, 609 N.W.2d 868, 873 n. 6 (Minn.2000); *accord Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Rule 54.02 requires "multiple claims for relief or multiple parties [be] involved in an action." This court has given "claim" and "cause of action" the same meanings: "a group of operative facts giving rise to one or more bases for suing," or "the legal theory of a lawsuit." *Martin ex rel. Hoff v. Rochester*, 642 N.W.2d 1, 9 (Minn.2002) (citing Black's Law Dictionary 214 (7th ed.1999)). Thus, Rule 54.02 applies where the lawsuit is based on more than one legal theory or states more than one group of operative facts giving rise to relief.

■ In *Liberty*, the district court had made the requisite findings and recitation as required for partial judgments by Fed. R.Civ.P. 54(b).[3] 424 U.S. at 741–42, 96 S.Ct. 1202. The United States Supreme Court, however, concluded that Fed. R.Civ.P. 54(b) does not apply to a single claim; the rule is expressly limited "to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are

---

**2.** We commonly see district court orders that end with language that recites there is no just reason for delay and directs entry of judgment. However, we caution district courts against automatically using this language, as Rule 54.02 applies to only certain judgments and requires the court to make an "express determination" that there is no just reason for delay.

**3.** Where the language of the Federal Rules of Civil Procedure is similar to language in the Minnesota civil procedure rules, federal cases

on the issue are instructive. *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 246 (Minn.1982). Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

found otherwise to be ready for appeal." 424 U.S. at 742–43, 96 S.Ct. 1202. The Court concluded a single claim was asserted; although the plaintiffs sought several types of relief, the complaint "advanced a single legal theory which was applied to only one set of facts." *Id.*

■ In a mechanic's lien foreclosure, "[j]udgment shall be given in favor of each lienholder for the amount demanded and proved, with costs and disbursements to be fixed by the court at the trial." Minn.Stat. § 514.14 (2008). We have held that those costs and disbursements may include attorney fees. *Obraske v. Woody*, 294 Minn. 105, 109, 199 N.W.2d 429, 432 (Minn.1972). But the amount of attorney fees is not another "basis for suing" or another "legal theory of the lawsuit." We conclude that in a mechanic's lien proceeding, where the validity and amount of the lien have been determined and the district court has ruled that the lien claimant is entitled to attorney fees, the amount of those fees is not a separate claim. Because the amount of attorney fees awarded in a mechanic's lien action is not a separate claim, Minn. R. Civ. P. 54.02 did not apply to the district court's November 26, 2007, order.[4]

4. We have recognized that this reading of the rules may, in some circumstances, result in piecemeal appeals, but we have also noted that piecemeal appeals are easily avoided if the district court declines to direct the entry of judgment on the merits until it has resolved the attorney fees award: "To ensure that all aspects come before the appellate court for disposition in one proceeding, we strenuously urge the district courts either to rule on such claims as soon as possible after entry of judgment on the merits or to not enter judgment on the merits until the fees issue has been finally resolved." *Spaeth*, 344 N.W.2d at 825. Although that was not done in this case, delaying entry of judgment until attorney fees and costs have been finally determined will avoid any issues concerning the amount that must be paid in order to redeem the lien foreclosure.

## II.

■ Having concluded that the November 26, 2007, order could not be certified as a final partial judgment under Minn. R. Civ. P. 54.02, we must decide whether the December 13, 2007, judgment entered pursuant to the order was nevertheless immediately appealable as a final judgment.

■ A final judgment " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Riley v. Kennedy*, —— U.S. ——, ——, 128 S.Ct. 1970, 1974, 170 L.Ed.2d 837 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). Appellate courts have jurisdiction to hear appeals taken from a final judgment. Minn. R. Civ.App. P. 103.03(a), 104.01, subd. 1; *see Financial Relations Bd. v. Pawnee Corp.*, 308 Minn. 109, 112, 240 N.W.2d 565, 566 (1976) ("Rule 104.01 refers only to a Final judgment, not to any order or so-called judgment which is not in fact final."). An appeal "may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing." Minn. R. Civ.App. P. 104.01, subd. 1.[5] Post-trial motions gen-

5. Premier Bank argues that even if the December 13, 2007, judgment is final, it did not have to immediately appeal that judgment because Rule 104.01, subd. 1, only states that an appeal *may* be taken within 60 days. However, we note that the term "may" in this context is permissive only as to whether a party must appeal a decision. The 60–day requirement is mandatory. *See* Minn. R. Civ. App. P. 126.02 (stating that an "appellate court may not extend or limit the time for filing the notice of appeal"). If an appeal could be taken by a party at any time, the 60–day provision of the rule would be superfluous. *See Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) ("A statute should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed super-

erally extend the time for appeal until service by any party of notice of filing of the order disposing of the last such post-trial motion. *Id.*, subd. 2.

 Rule 58.01, Minn. R. Civ. P., specifically provides that "[e]ntry of judgment shall not be delayed for the taxation of costs and the omission of costs shall not affect the finality of the judgment." Similarly, Minn. R. Civ.App. P. 104.02 provides that the time for appeal is not extended by the subsequent insertion of costs and disbursements into the judgment. We have specifically held that attorney fees in mechanics' lien cases are, pursuant to statute and our case law, costs that may be awarded by the court. *See Obraske v. Woody*, 294 Minn. 105, 109, 199 N.W.2d 429, 432 (1972). As such, they are not a separate claim independent of the merits of the action, namely, the validity of the lien and the fair and reasonable value of the lien. *See, e.g., Kellar v. Von Holtum*, 605 N.W.2d 696, 700 (Minn.2000) (characterizing motions for attorney fee sanctions and costs and disbursements as collateral to the merits of the underlying litigation); *Welsh v. City of Orono*, 355 N.W.2d 117, 124 (Minn.1984); *Spaeth v. City of Plymouth*, 344 N.W.2d 815, 825 (Minn.1984) (same).

 Our decision in *American Family Mutual Insurance Co. v. Peterson*, 380 N.W.2d 495 (Minn.1986), should not be understood to require a contrary result. In *American Family*, we held that the appeal period would not begin to run until entry of an amended judgment that finally adjudicated all issues, including attorney fees. *Id.* at 496–97. Although our decision in that case did not specifically describe the nature of the attorney fees at

issue, it is clear from the court of appeals opinion issued on remand that the fees were awarded to American Family's insured on his claim of bad faith refusal to defend. *See Am. Family Mut. Ins. Co. v. Peterson*, 393 N.W.2d 212, 217 (Minn.App. 1986) (noting American Family's argument that the trial court erred in awarding its insured attorney fees incurred in defending American Family's declaratory judgment action). Fees incurred as a direct result of an insurer's breach of the contractual duty to defend are part of the damages owed by the breaching insurer. *Morrison v. Swenson*, 274 Minn. 127, 138, 142 N.W.2d 640, 647 (1966); *cf. Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 714 (Minn.1991) (refusing to award attorney fees where there had been no breach of the duty to defend).

Applying these principles to this case, it is clear that the district court's certification of the order determining the validity and adjudicating the fair and reasonable value of Consolidated Lumber's mechanics' liens as a final partial judgment under Minn. R. Civ. P. 54.02 was unnecessary.[6] Nevertheless, by operation of law that judgment became final and appealable upon its entry. Accordingly, the court of appeals correctly ruled that Premier Bank's appeal of the judgment determining the validity and amount of the liens was not timely.

 However, Premier Bank's notice of appeal references not only the December 13, 2007, judgment but also the later order awarding attorney fees. There is no appeal from an order awarding attorney fees; instead, the proper appeal lies from the judgment or amended judgment en-

---

fluous, void, or insignificant." (internal quotation marks omitted)).

6. We take the opportunity to again caution district courts against routinely directing the entry of judgment upon resolution of some portion of a party's claims.

tered on the order. *See* Minn. R. Civ.App. P. 103.03 (listing appealable orders and judgments). A separate judgment for fees was entered on July 24, 2008, but no appeal was taken from it. Both this court and the court of appeals have construed appeals from orders for judgment as being taken from judgments entered pursuant to the order, where the judgment is entered before the notice of appeal is filed. *See Helm v. El Rehbein & Son, Inc.*, 257 N.W.2d 584, 585 n. 1 (Minn.1977); *Apple Valley Square v. City of Apple Valley*, 472 N.W.2d 681, 682 (Minn.App.1991).[7] Although the order determining the amount of attorney fees was not independently appealable and did not direct the entry of judgment, the court of appeals did not consider whether to construe the notice of appeal as an appeal from the July 24, 2008, judgment for attorney fees, which was entered before the notice of appeal was filed.

We therefore remand the matter to the court of appeals to consider whether the appeal should proceed on the issue of the amount of attorney fees awarded. The time to review any other issues expired before this appeal was taken.

Affirmed in part, reversed in part, and remanded to the court of appeals for further proceedings consistent with this opinion.

---

**7.** We have also dismissed appeals from non-appealable orders for judgment in circumstances similar to those presented here. *See Cucchiarella v. Kolodzieg*, 283 Minn. 515, 516,

---

166 N.W.2d 100, 100 (1969) (dismissing appeal from order for judgment to recover money, noting that proper appeal lay from the judgment).