**D.Y.N. KIEV, LLC, et al., Appellants,**

v.

**Marshall B. JACKSON, defendant and third party plaintiff, Respondent,**

v.

**Kenneth Hertz, third party defendant, Appellant.**

**No. A11–353.**

Court of Appeals of Minnesota.

Aug. 1, 2011.

Kenneth Hertz, Hertz Law Offices, P.A., Columbia Heights, MN, for appellants.

Leslie A. Anderson, Leslie A. Anderson, Ltd., Champlin, MN; and Kay Nord Hunt, Lommen, Abdo, Cole, King & Stageberg, P.A., Minneapolis, MN, for respondent.

Kenneth Hertz, Columbia Heights, MN, attorney pro se.

Considered and decided by JOHNSON, Chief Judge; KALITOWSKI, Judge; and WORKE, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

The notice of appeal in this case purports to seek review of two judgments issued by the district court in the same case. The first judgment determined the merits of various claims related to three limited-liability companies owned by appellant Kenneth Hertz and respondent Marshall Jackson and also determined that Jackson is entitled to an award of attorney fees, in an amount to be determined. The second judgment determined the amount of attorney fees that Jackson may recover from Hertz.

Hertz and Jackson were members of three limited-liability companies. Hertz caused the three companies to commence this action against Jackson, and Jackson thereafter alleged third-party claims against Hertz. The parties stipulated that they are deadlocked in the management of the affairs of the companies and that the companies should be dissolved pursuant to Minn.Stat. § 322B.833, subd. 1 (2010).

The district court conducted a bench trial in July 2010 and, on October 22, 2010, issued findings of fact, conclusions of law, and an order that determined the parties' respective claims, primarily in Jackson's favor. The order also granted Jackson's request for attorney fees. In an accompanying memorandum, the district court stated that Jackson is entitled to attorney fees pursuant to Minn.Stat. § 322B.38 (2010) and Minn.Stat. § 322B.833, subd. 7 (2010). On November 23, 2010, the court administrator entered judgment on the October 22 order.

After the district court issued its October 22 order, Jackson submitted an affidavit that detailed the attorney fees he had incurred. Hertz did not respond. On December 17, 2010, the district court issued an order in which it determined that Jackson was entitled to attorney fees of approximately $30,000 and costs and disbursements of approximately $1,000. On December 21, 2010, the court administrator entered judgment on the December 17 order.

On February 17, 2011, Hertz filed a notice of appeal from the judgments entered on November 23, 2010, and December 21, 2010. We questioned whether we have appellate jurisdiction over the first judgment. Both parties filed memoranda.

## DECISION

A party may appeal from a final judgment or a partial judgment entered pursuant to rule 54.02 of the Minnesota Rules of Civil Procedure within 60 days of the entry of the judgment, unless a different time period is provided by statute. Minn. R. Civ.App. P. 103.03(a); Minn. R. Civ.App. P. 104.01, subd. 1. A party may appeal from an appealable order within 60 days of the service of notice of filing of the order, unless a different time period is provided by statute. Minn. R. Civ.App. P. 104.01, subd. 1.

In this case, the first judgment, which was entered on November 23, is not an appealable partial judgment because the October 22 order does not contain the "express determination that there is no just reason for delay." *See* Minn. R. Civ. App. P. 104.01, subd. 1; Minn. R. Civ. P. 54.02. Thus, if the first judgment is a

partial judgment, it is not immediately appealable. *See* Minn. R. Civ.App. P. 103.03(a). The first judgment is a final judgment, and thus is appealable immediately after its entry, only if it "adjudicates all the claims and rights and liabilities of the ... parties." Minn. R. Civ.App. P. 104.01, subd. 1.

In determining whether the first judgment "adjudicates all the claims and rights and liabilities of the ... parties," *id.*, we refer to the supreme court's opinion in *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783 (Minn.2009). The district court in that case issued two judgments. The first judgment determined the validity of four mechanics' liens and their values. The first judgment also determined that the lien claimant was entitled to attorney fees, costs, and disbursements in amounts to be determined. *Id.* 785–86. The second judgment determined the amounts of attorney fees and costs to which the lien claimant was entitled. *Id.* at 786. A notice of appeal was filed within 60 days of the second judgment but not within 60 days of the first judgment. *Id.* The supreme court held that the first judgment was a final judgment that was immediately appealable upon its entry. *Id.* at 789. The court reasoned that a judgment for attorney fees in a mechanics' lien action does not relate to "a separate claim" but, rather, relates to an issue that is collateral to the merits of the claims. *Id.* (citing *Kellar v. Von Holtum*, 605 N.W.2d 696, 700 (Minn.2000), *superseded by rule on other grounds*, Minn. R. Civ. P. 11.03).

Hertz contends that we should follow the supreme court's opinion in *American Family Mut. Ins. Co. v. Peterson*, 380 N.W.2d 495 (Minn.1986). The district court in that case also issued two judgments. The first judgment determined the issue of liability on an insured's claim that an insurer engaged in a bad-faith breach of its duty to defend the insured, but the first judgment reserved the amount of attorney fees. *Id.* at 496; *see also T.A. Schifsky & Sons*, 773 N.W.2d at 789 (citing *American Family Mut. Ins. Co. v. Peterson*, 393 N.W.2d 212, 217 (Minn.App.1986)). The second judgment determined the amount of attorney fees. *Id.* The supreme court held that the first judgment was *not* a final judgment and, thus, *not* immediately appealable upon its entry. *Id.* at 497. The supreme court in *American Family* reasoned that the attorney fees were "part of the damages owed by the breaching insurer" on the claim of a bad-faith refusal to defend. *See T.A. Schifsky & Sons*, 773 N.W.2d at 789 (citing *American Family*, 393 N.W.2d at 217).

The award of attorney fees in this case is similar to the award of attorney fees and costs in *T.A. Schifsky & Sons* and dissimilar to the award of attorney fees in *American Family*. The district court in this case awarded attorney fees to Jackson on the basis of two statutes. The first statute provides that if a member of a limited-liability company proves a violation of chapter 322B, a district court "may, in an action brought by a member of the limited liability company, grant any equitable relief it considers just and reasonable in the circumstances *and award expenses, including attorneys' fees and disbursements.*" Minn.Stat. § 322B.38 (2010) (emphasis added). The second statute provides that if a party to an action concerning a limited liability company "has acted arbitrarily, vexatiously, or otherwise not in good faith," a district court "may in its discretion award reasonable expenses, including attorneys' fees and disbursements, to any of the other parties." Minn.Stat. § 322B.833, subd. 7 (2010). Neither of these statutes authorizes a district court to consider attorney fees as a component of an award of compensatory damages on the merits of a

claim, as in *American Family.* *See* 380 N.W.2d at 496. Rather, these statutes authorize a district court to consider attorney fees when shifting the expenses of an action from the prevailing party to the non-prevailing party, as in *T.A. Schifsky & Sons. See* 773 N.W.2d at 789. Thus, an award of attorney fees pursuant to sections 322B.38 and 322B.833, subdivision 7, is not "a separate claim," *see id.* at 789, but, rather, is an issue that is collateral to the merits of a claim, *see Kellar,* 605 N.W.2d at 700.

Because Jackson's request for attorney fees is not a separate claim, the first judgment, which determined the claims and third-party claims, "adjudicate[d] all the claims and rights and liabilities of the ... parties." Minn. R. Civ.App. P. 104.01, subd. 1. Accordingly, the first judgment was final and appealable upon its entry, despite the reservation of the amount of attorney fees. The time in which to appeal the first judgment expired on Monday, January 24, 2011. *See* Minn. R. Civ.App. P. 104.01, subd. 1, 126.01. Hertz filed his notice of appeal after that date, on February 17, 2011. Thus, we must dismiss the part of the appeal that seeks review of the first judgment. *See* Minn. R. Civ.App. P. 126.02 (prohibiting court of appeals from extending time to file notice of appeal); *Township of Honner v. Redwood Cnty.,* 518 N.W.2d 639, 641 (Minn.App.1994) (holding that court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994). The part of the appeal that seeks review of the second judgment, which was entered on December 21, 2010, is timely and may proceed.

**Appeal dismissed in part.**