**In re the Marriage of Sandra Ann PHILLIPS, f/k/a Sandra Ann La-Plante, petitioner, Appellant,**

v.

**James Craig LaPLANTE, Respondent.**

No. A12–1382.

Court of Appeals of Minnesota.

Dec. 3, 2012.

---

Gerald W. Von Korff, Keri A. Phillips, Rinke Noonan, St. Cloud, MN, for appellant.

Michael D. Dittberner, Linder, Dittberner & Bryant, Ltd., Edina, MN, for respondent.

Considered and decided by JOHNSON, Chief Judge; STONEBURNER, Judge; and ROSS, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

This case presents another iteration of a frequently recurring question concerning when an appellant must file a notice of appeal if a district court has issued multiple orders or judgments. In the circumstances of this case, we conclude that an appellant may obtain appellate review of an order that was filed more than 60 days before the entry of judgment, even though the appellant did not file a notice of appeal until after the entry of judgment.

In the district court, appellant Sandra Ann Phillips brought a motion for an order that would require her former husband, respondent James Craig LaPlante, to pay spousal-maintenance arrearages and to continue paying spousal maintenance on a monthly basis. Respondent had suspended his monthly maintenance payments after appellant remarried. At the same time, appellant also sought need-based attorney fees pursuant to Minn.Stat. § 518.14, subd. 1 (2010).

In an order that was filed on April 19, 2012, the district court denied appellant's

motion to require respondent to make spousal-maintenance payments. In the same order, the district court also granted appellant's motion for need-based attorney fees. The district court ruled that respondent is obligated to "pay the reasonable attorney fees and costs incurred by [appellant] for bringing and arguing these motions" and directed appellant to submit evidence of the amount of attorney fees incurred. On April 23, 2012, respondent served appellant with a notice of filing of the April 19 order. In an order that was filed on June 19, 2012, the district court awarded appellant $6,275 in attorney fees and costs. The district court administrator entered judgment the same day.

On August 6, 2012, appellant filed a notice of appeal, which states that the appeal is taken from the order filed on April 19, 2012, and the judgment entered on June 19, 2012. The only issue identified in appellant's statement of the case is whether the district court erred by terminating respondent's spousal-maintenance obligation, which was decided in the April 19, 2012 order.

On August 13, 2012, this court issued an order in which we questioned our jurisdiction over the appeal. Specifically, we asked whether the pendency of appellant's motion for need-based attorney fees affected the finality of the April 19, 2012 order and, if not, whether the appeal is timely. Respondent simultaneously moved to dismiss the appeal on the ground that the appeal is untimely.

## DECISION

The central issue for the special term panel is whether the April 19, 2012 order was appealable at the time it was issued. If so, appellant's notice of appeal is untimely because she was obligated to file her notice of appeal within 60 days of the April 23, 2012 notice of filing of the order.

If not, appellant's notice of appeal is timely because she was permitted to file her appeal within 60 days of the June 19, 2012 judgment. See Minn. R. Civ.App. P. 104.01, subd. 1 (specifying 60–day appeal period).

■ Under the rules of civil appellate procedure, an order is appealable if it, "in effect, determines the action and prevents a judgment from which an appeal might be taken." Minn. R. Civ.App. P. 103.03(e). In a marital-dissolution action, a final order is appealable if it grants or denies a motion for modification of custody, visitation, maintenance, or the child-support provisions of an existing judgment or decree. Minn. R. Civ.App. P. 103.03(h); Angelos v. Angelos, 367 N.W.2d 518, 520 (Minn.1985). In addition, a final order is appealable if it clarifies, interprets, or enforces a dissolution decree. Erickson v. Erickson, 430 N.W.2d 499, 500 (Minn.App. 1988).

■ In this case, the order filed on April 19, 2012, is an appealable order pursuant to rule 103.03(e) and rule 103.03(h) if it was a final order. There is no dispute that the district court finally determined in that order that respondent does not have an obligation to pay spousal maintenance after appellant's remarriage. But the district court's April 19, 2012 order did not finally determine appellant's motion for an award of need-based attorney fees. Thus, the question arises whether the April 19, 2012 order was final, and thus appealable, despite the pendency of appellant's motion for an award of need-based attorney fees.

In other contexts, the supreme court and this court have considered whether an order or judgment is final in light of the pendency of a request for attorney fees. In T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC, 773 N.W.2d 783 (Minn.2009), a mechanic's lien action, the district court

administrator entered two judgments. *Id.* at 786. The first judgment was entered after the district court determined the validity and amount of the liens and determined that the plaintiff lien-holder was entitled to an award of attorney fees, in an amount to be determined later. *Id.* The second judgment was entered after the district court determined the amount of the fee award. *Id.* The supreme court held that the first judgment was a final judgment and, thus, was appealable upon entry, despite the pendency of the motion for attorney fees. *Id.* at 789. The supreme court rejected an argument that the first judgment was not final on the ground that the motion for attorney fees was a separate claim, independent of the substantive claims pleaded in the complaint. *Id.* at 786–88. The supreme court did so by reasoning that the request for attorney fees was not a separate claim because it was "not another basis for suing or another legal theory of the lawsuit," *id.* at 788 (quotations omitted), and, thus, was merely ancillary to the underlying claim concerning the liens. The supreme court reasoned further that an award of attorney fees in a mechanic's lien action is a component of an award of costs and disbursements. *Id.* at 789. This characterization of the fee award was significant because of two rules of court. The first rule provides, "Entry of judgment shall not be delayed for the taxation of costs, and the omission of costs shall not affect the finality of the judgment." Minn. R. Civ. P. 58.01 (quoted in *Schifsky*, 773 N.W.2d at 789). The second rule provides that the time in which to appeal from a judgment "shall not be extended by the subsequent insertion therein of costs and disbursements." Minn. R. Civ.App. P. 104.02 (cited in *Schifsky*, 773 N.W.2d at 789).

The result in *Schifsky*—that the first judgment was final and appealable despite the pendency of a motion for attorney fees—was different from the result in the supreme court's earlier opinion in *American Family Mut. Ins. Co. v. Peterson*, 380 N.W.2d 495 (Minn.1986), in which the district court also entered two judgments. *Id.* at 496. The first judgment in *American Family* reflected the district court's determination that an insurer was liable for a bad-faith breach of its duty to defend an insured and the district court's determination that the insured was entitled to an award of attorney fees in an amount to be determined later. *Id.; see also Schifsky*, 773 N.W.2d at 789 (citing *American Family Mut. Ins. Co. v. Peterson*, 393 N.W.2d 212, 217 (Minn.App.1986)). The second judgment reflected the district court's subsequent determination of the amount of the fee award. *American Family*, 380 N.W.2d at 496. The supreme court held that the first judgment was not a final judgment and, thus, not immediately appealable upon entry. *Id.* at 497. The first judgment was not final because, in a bad-faith action against an insurer, attorney fees "incurred as a direct result of an insurer's breach of the contractual duty to defend are part of the damages owed by the breaching insurer." *See Schifsky*, 773 N.W.2d at 789. Thus, the award of attorney fees in *American Family* was neither a separate claim nor a component of an award of costs and disbursements. *See id.* (citing *American Family*, 393 N.W.2d at 217).

This court considered the applicability of *Schifsky* and *American Family* in *D.Y.N. Kiev, LLC v. Jackson*, 802 N.W.2d 821 (Minn.App.2011), a case involving two judgments resolving claims brought under the limited-liability company statute. *Id.* at 822. The first judgment reflected the district court's determination that the third-party plaintiff had proved its claims and was entitled to an award of attorney fees. *Id.* The second judgment reflected

the district court's subsequent determination of the amount of the fee award. *Id.* We concluded that the first judgment was final even though the district court had reserved determination of the amount of the fee award. *Id.* at 824. We reasoned that the case was dissimilar to *American Family* because the award of attorney fees was not an element of damages. *Id.* at 823–24. We also reasoned that the case was similar to *Schifsky* because the relevant statutes authorized the district court to award attorney fees to the prevailing party as a component of an award of costs of disbursements. *Id.* at 824.

The supreme court's opinions in *American Family* and *Schifsky* demonstrate that a pending request for attorney fees does not affect the finality of an otherwise final order or judgment, except in two situations. The first exception arises if the request for attorney fees is a separate claim, independent of the underlying claim or claims that comprise the merits of the action. *See Schifsky,* 773 N.W.2d at 788. The second exception arises if an award of attorney fees is part of the damages that may be awarded on a claim. *See id.* at 789 (citing *American Family,* 393 N.W.2d at 217). With respect to either exception, a pending request for an award of attorney fees causes an otherwise final order or judgment to not become final and, thus, to not be appealable, until the request for attorney fees is finally determined.

 There is no suggestion that this case falls into the second exception described above. Whether this case is within the first exception depends on whether appellant's motion for need-based attorney fees is a separate claim, independent of the merits of her underlying motion concerning spousal maintenance. *See Id.* at 788. In this context, the supreme court has defined the terms "claim" and "cause of action" to mean "a group of operative facts giving rise to one or more bases for suing" or "the legal theory of a lawsuit." *Id.* at 787 (citations omitted). The purpose of an award of need-based attorney fees is "to enable a party to carry on or contest the proceeding." Minn.Stat. § 518.14, subd. 1 (2010). The party seeking need-based attorney fees must prove, and the district court must find, three facts: (1) the fees are necessary for the good-faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding, (2) the party from whom fees are sought has the means to pay them, and (3) the party to whom fees are awarded does not have the means to pay them. *Id.* If a party seeks need-based attorney fees, the inquiry is focused on a distinct group of operative facts, which are different in kind from the facts relevant to the merits of the underlying claim or claims. An award of need-based attorney fees does not depend in any way on whether the party seeking fees is the prevailing party. Indeed, the district court in this case awarded need-based fees to appellant even though it had denied appellant's motion concerning spousal maintenance. Thus, appellant's motion for need-based attorney fees under section 518.14, subdivision 1, is a separate claim, not an issue that is ancillary to her underlying spousal-maintenance claim.

In sum, the order filed on April 19, 2012, was not final and, thus, not appealable because the order did not fully determine appellant's separate claim for need-based attorney fees under Minn.Stat. § 518.14, subd. 1. The time in which to appeal from the order filed on April 19, 2012, did not begin to run until judgment was entered on June 19, 2012. *See Doering v. Doering,* 629 N.W.2d 124, 128 (Minn.App.2001) (holding that if separate post-decree motions are joined, time to appeal ruling on either motion does not begin to run until

both motions are finally determined), *review denied* (Minn. Sept. 11, 2001). Therefore, the notice of appeal was timely.

**Motion denied.**