Lee D. WEISS, et al., Respondents,

v.

PRIVATE CAPITAL, LLC,
et al., Appellants.

No. A13–1098.

Court of Appeals of Minnesota.

Oct. 28, 2013.

Skip Durocher, Eric R. Sherman, Dorsey & Whitney LLP, Minneapolis, MN; and Michael Paris (pro hac vice), Nystrom Beckman & Paris LLP, Boston, MA, for respondents.

Bruce Jones, Tyler A. Young, Faegre Baker Daniels LLP, Minneapolis, MN, for appellants.

Considered and decided by JOHNSON, Chief Judge; STONEBURNER, Judge; and RODENBERG, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

The issue before the court is whether a party may appeal from a judgment if a request for contract-based attorney fees is pending in the district court. We conclude that a judgment is not final and appealable while such a request is pending.

Respondents Lee D. Weiss and Weiss Capital Real Estate Group, LLC commenced this action against appellants Private Capital, LLC and Scott Fischer. Respondents alleged claims of breach of contract, unjust enrichment, conversion, and fraudulent inducement. Respondents sought compensatory damages and punitive damages. After an eight-day trial in October 2012, a jury returned a verdict in favor of respondents and against both appellants on the conversion claim and against Private Capital on the breach-of-contract claim. The jury awarded $1,120,000 in compensatory damages and $500,000 in punitive damages.

On November 21, 2012, appellants moved for judgment as a matter of law. In late March 2013, the district court issued two orders. In one order, the district court denied appellants' motion for judgment as a matter of law. In the other order, the district court directed entry of judgment in accordance with the jury's verdict. The district court also ruled that Weiss Capital is entitled to recover attorney fees, costs, and expenses from Private Capital pursuant to an agreement that provides, in part, that "the substantially prevailing party in [a] dispute or suit shall be reimbursed by the other party or parties for the substantially prevailing party's reasonable costs and expenses incurred in such dispute or action (including, without limitation, court costs and reasonable attorney's, expert witnesses', accountant, and other professional fees and expenses)."

On April 26, 2013, Weiss Capital moved for reimbursement of $427,475 in attorney fees and $110,835 in costs and expenses.

On April 29, 2013, the district court administrator entered judgment, as previously directed by the district court.

On June 18, 2013, respondents moved to amend the judgment, pursuant to rule 60.01 of the Minnesota Rules of Civil Procedure, to accurately reflect Fischer's name.

On June 20, 2013, appellants served and filed their notice of appeal.

This court questioned whether the April 29, 2013 judgment is final and appealable in light of the pendency of Weiss Capital's motion for attorney fees, costs, and expenses and in light of the pendency of respondents' motion for relief under rule 60.01. At the court's request, the parties filed informal memoranda. Appellants contend that the April 29, 2013 judgment is final and appealable. Respondents take no position on the question whether the pending motion for attorney fees, costs, and expenses affects the finality of the judgment.

## DECISION

■ A party may appeal from a final judgment within 60 days of the entry of the judgment, unless a different time period is provided by statute. Minn. R. Civ. App. P. 103.03(a), 104.01, subd. 1 (2013). A judgment is final, and thus appealable immediately after its entry, only if it "adjudicates all the claims and rights and liabilities of the ... parties." Minn. R. Civ.App. P. 104.01, subd. 1. The central question for this special term panel is whether the April 29, 2013 judgment is

final and immediately appealable, notwithstanding the pendency of Weiss Capital's motion for attorney fees, costs, and expenses.

In determining whether a judgment "adjudicates all the claims and rights and liabilities of the ... parties," *id.,* we refer to the supreme court's opinion in *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC,* 773 N.W.2d 783 (Minn.2009). The district court in that case entered a judgment that determined the validity and amounts of four mechanics' liens and determined that the lien-claimant was, pursuant to statute, entitled to an award of attorney fees, costs, and disbursements in an amount to be determined later. *Id.* at 785–86; *see also id.* at 788 (citing Minn. Stat. § 514.14 (2008)). The supreme court held that the judgment was final and appealable immediately upon its entry because, in a mechanic's lien action, attorney fees is an issue that is collateral to the merits of the claims. *Id.* at 789 (citing *Kellar v. Von Holtum,* 605 N.W.2d 696, 700 (Minn.2000), *superseded by rule on other grounds,* Minn. R. Civ. P. 11.03).

▮ We previously have described the supreme court's rationale in *Schifsky* as follows:

> The supreme court [reasoned] that the request for attorney fees was not a separate claim because it was "not another basis for suing or another legal theory of the lawsuit," [*Schifsky,* 773 N.W.2d] at 788 (quotations omitted), and, thus, was merely ancillary to the underlying claim concerning the liens. The supreme court reasoned further that an award of attorney fees in a mechanics lien action is a component of an award of costs and disbursements. *Id.* at 789. This characterization of the fee award was significant because of two rules of court. The first rule provides, "Entry of judgment shall not be delayed for the taxation of

costs, and the omission of costs shall not affect the finality of the judgment." Minn. R. Civ. P. 58.01 (quoted in *Schifsky,* 773 N.W.2d at 789). The second rule provides that the time in which to appeal from a judgment "shall not be extended by the subsequent insertion therein of costs and disbursements." Minn. R. Civ.App. P. 104.02 (cited in *Schifsky,* 773 N.W.2d at 789).

*Phillips v. LaPlante,* 823 N.W.2d 903, 906 (Minn.App.2012). We summarized the general rule of *Schifsky* by stating that an order or judgment that is otherwise final retains its final character and, thus, is immediately appealable, except in either of two circumstances. The first exception arises "if the request for attorney fees is a separate claim, independent of the underlying claim or claims that comprise the merits of the action." *Id.* at 907 (citing *Schifsky,* 773 N.W.2d at 788). The second exception arises "if an award of attorney fees is part of the damages that may be awarded on a claim." *Id.* (citing *Schifsky,* 773 N.W.2d at 789 (citing *American Family Mut. Ins. Co. v. Peterson,* 393 N.W.2d 212, 217 (Minn.App.1986))).

This case is not within the second exception to *Schifsky* because Weiss Capital did not seek attorney fees, costs, and expenses as a form of damages on any of the causes of action pleaded in the complaint. Rather, Weiss Capital sought and received reimbursement of attorney fees, costs, and expenses pursuant to a contractual provision that allows the "substantially prevailing party" to obtain reimbursement of such expenditures from another party to the contract. The question is whether Weiss Capitals contract-based motion for reimbursement of attorney fees, costs, and expenses is within the first exception to *Schifsky.* In other words, the question is whether Weiss Capitals contract-based motion is, like the motion in *Schifsky,* re-

lated to an issue that is collateral to the merits of respondents' claims, which would not alter the final character of the April 29, 2013 judgment, or, instead, "a separate claim" pursuant to the first exception of *Schifsky*, which would cause the April 29, 2013 judgment to become not final and, thus, not immediately appealable. *See* 773 N.W.2d at 789.

To date, our published opinions interpreting *Schifsky* have arisen from statute-based requests for attorney fees. In *D.Y.N. Kiev, LLC v. Jackson*, 802 N.W.2d 821 (Minn.App.2011), we held that a motion for attorney fees based on a provision of the limited-liability-company statute was collateral to the parties' claims, as in *Schifsky*, because the statute authorized the district court to award attorney fees to the prevailing party as a component of an award of costs and disbursements. *Id.* at 823–24 (citing Minn.Stat. § 322B.38 (2010)). By contrast, in *Phillips*, we held that a motion for an award of need-based attorney fees in a dissolution action was a separate claim, unlike *Schifsky*, because the inquiry focused on a distinct group of operative facts which were different in kind from the facts relevant to the merits of the underlying claims. 823 N.W.2d at 907 (citing Minn.Stat. § 518.14, subd. 1 (2010)).

■ Weiss Capital's motion for reimbursement of attorney fees, costs, and expenses is based on a contract, not a statute. Our application of *Schifsky* in the context of a contract-based request for attorney fees must be informed by the supreme court's recent opinion in *United Prairie Bank–Mountain Lake v. Haugen Nutrition & Equip., LLC*, 813 N.W.2d 49 (Minn.2012), which held that a party seeking attorney fees based on a contract is entitled to a jury trial on that issue, pursuant to article I, section 4, of the Minnesota Constitution. *Id.* at 63. The supreme court characterized a contract-based request for attorney fees as a claim for contractual indemnification. *Id.* at 55–56. The supreme court expressly rejected the notion that a contract-based claim for attorney fees is akin to a request for costs or disbursements. *Id.* at 62–63. The supreme court's characterization of a contract-based claim for attorney fees provides a reason to distinguish *Schifsky*, in which the supreme court stated that an otherwise final judgment generally retains its final character because two rules of court provide that the entry of judgment and the time for appeal should not be delayed or extended by an award of costs or disbursements. *See Schifsky*, 773 N.W.2d at 789 (citing Minn. R. Civ. P. 58.01 and Minn. R. Civ.App. P. 104.02); *see also Phillips*, 823 N.W.2d at 906. Thus, the supreme court's opinion in *United Prairie* makes clear that a contract-based request for attorney fees, which is a claim of contractual indemnification, is a separate claim, unlike a motion for a statutory award of attorney fees or a request for costs and disbursements.

In light of the supreme court's opinion in *United Prairie*, Weiss Capital's request for reimbursement of its attorney fees must be characterized as a separate claim of contractual indemnification. As a consequence, Weiss Capital's request for attorney fees is within the first exception to the general rule of *Schifsky*, that "the request for attorney fees is a separate claim, independent of the underlying claim or claims that comprise the merits of the action." *See Phillips*, 823 N.W.2d at 907 (citing *Schifsky*, 773 N.W.2d at 788). Thus, the April 29, 2013 judgment was not final and not appealable while Weiss Capital's request for contract-based attorney fees was pending. Accordingly, appel-

lants' June 20, 2013 notice of appeal was premature, and the appeal must be dismissed. Because the pendency of Weiss Capital's request for contract-based attorney fees is a sufficient reason to dismiss the appeal, we need not consider whether the April 29, 2013 judgment was appealable despite the pendency of respondents' motion for relief under Minn. R. Civ. P. 60.01.

**Appeal dismissed.**