**In re the Marriage of Sonja Vogen
BAERTSCH, petitioner,
Respondent,**

**v.**

**Andrew BAERTSCH, Appellant.**

No. A16–1279.

Court of Appeals of Minnesota.

Oct. 11, 2016.

Elizabeth A. Storaasli, Dryer Storaasli Knutson & Pommerville, Ltd., Duluth, MN, for respondent.

Robin C. Merritt, Jacob J. Baker, Leah L. Fisher, Hanft Fride, P.A., Duluth, MN, for appellant.

Considered and decided by CLEARY, Chief Judge; LARKIN, Judge; and JESSON, Judge.

## SPECIAL TERM OPINION

CLEARY, Chief Judge.

This appeal raises the issue of whether a pending request for an award of conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, affects the appealability of an otherwise final postdecree order in a family-law matter. A postdecree order that does not fully determine a separate claim for need-based attorney fees under Minn.Stat. § 518.14, subd. 1, is not final and appealable. *Phillips v. LaPlante*, 823 N.W.2d 903, 907 (Minn.App.2012). *Phillips* does not address whether a request for conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, is a separate claim. We extend the *Phillips* analysis to conduct-based motions for attorney fees, resulting in the dismissal of this appeal as premature.

In the district court proceeding, respondent Sonja Baertsch filed a motion for enforcement of the provision in the parties' September 5, 2012 stipulated judgment

and decree requiring each party to indemnify and hold the other party harmless from any debts, liabilities, or encumbrances on or associated with any item of property awarded to that party, including tax audits and tax deficiencies. In her motion, respondent requested an order requiring appellant to hold respondent harmless from all claims, deficiencies, and liabilities in the current IRS audit for the years 2009–2011 arising from assets awarded to appellant. Appellant opposed the motion and requested an equitable division of any potential tax deficiency that may be assessed against the parties as a result of the current tax audit. Respondent opposed appellant's motion and requested an award of conduct-based attorney fees on the ground of appellant's refusal to comply with the provision of the stipulated decree requiring appellant to bear all costs of tax audits and to pay tax deficiencies for property that he was awarded.

In an order filed on June 20, 2016, the district court granted respondent's motion, including respondent's request for an award of conduct-based attorney fees. The June 20, 2016 order directed respondent to file an application in support of the requested amount of fees, and allowed appellant to file an objection. Appellant filed this appeal before the district court ruled on the amount of conduct-based attorney fees to be awarded to respondent.

This court questioned whether the pending motion for conduct-based attorney fees affects the finality of the June 20, 2016 order and, if so, whether the appeal should be dismissed as taken from a nonfinal order. The parties filed informal memoranda.

## DECISION

■ Generally, final orders clarifying, interpreting, and enforcing dissolution decrees are appealable. *Erickson v. Erick-*

*son,* 430 N.W.2d 499, 500 (Minn.App.1988). Appellant argues that the June 20, 2016 order is appealable as an order enforcing the 2012 decree, and that the pending motion for conduct-based attorney fees is a collateral matter that does not affect the finality of the order. Respondent contends that because the award of conduct-based attorney fees involves facts that are separate from the motion to enforce the decree, the June 20, 2016 order is not final and appealable until the award of conduct-based attorney fees has been finally determined.

■ A declaratory judgment that reserves for later consideration the actual award of attorney fees is not final and immediately appealable. *Am. Family Mut. Ins. Co. v. Peterson,* 380 N.W.2d 495, 497 (Minn.1986). By contrast, a statute-based award of attorney fees in a mechanic's lien action that is analogous to costs is not a separate claim independent of the merits of the action, and does not affect the finality or appealability of the merits judgment. *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC,* 773 N.W.2d 783, 789 (Minn.2009). In *Schifsky,* the supreme court distinguished *American Family* on the ground that in *American Family,* the first judgment was not final because, in a bad-faith action against an insurer, attorney fees incurred as a direct result of an insurer's breach of a contractual duty to defend are part of the damages owed by the breaching insurer. *Schifsky,* 773 N.W.2d at 789.

■ In *Phillips,* we summarized the supreme court's opinions in *American Family* and *Schifsky* as demonstrating that a pending request for attorney fees does not affect the finality of an otherwise final order or judgment, except in two situations. *Phillips,* 823 N.W.2d at 907. The first exception arises if the request for attorney fees is a separate claim, indepen-

dent of the underlying claim or claims that comprise the merits of the action. *Id.* A second exception arises if an award of attorney fees is part of the damages that may be awarded on a claim. *Id.* With respect to either exception, a pending request for an award of attorney fees causes an otherwise final order or judgment to not become final and thus to not be appealable, until the request for attorney fees is finally determined. *Id.*

In a proceeding under chapter 518 or chapter 518A, the court shall award attorney fees, costs, and disbursements in an amount necessary to enable a party to carry on or contest the proceeding, provided that the court finds (1) that the fees are necessary for the good-faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding, (2) that the party from whom fees are sought has the means to pay them, and (3) that the party to whom fees are awarded does not have the means to pay them. Minn. Stat. § 518.14, subd. 1. Nothing in section 518.14, subdivision 1, or Minn.Stat. § 518A.735 (2014) "precludes the court from awarding, in its discretion, additional fees, costs, and disbursements against a party who unreasonably contributes to the length or expense of the proceeding." *Id.*

Because an award of need-based attorney fees does not depend in any way on whether the party seeking fees is the prevailing party, a motion for need-based attorney fees under section 518.14, subdivision 1, is a separate claim, not an issue that is ancillary to the underlying claim. *Phillips,* 823 N.W.2d at 907. The issue in this case is whether a motion for conduct-based attorney fees under section 518.14, subdivision 1, is an independent claim akin to a motion for a need-based attorney-fees award, or whether conduct-based attorney fees are analogous to an award of "bad-faith" attorney fees under Minn. R. Civ. App. P. 11.03 or Minn.Stat. § 549.211 (2014).

Motions for attorney-fees sanctions and costs and disbursements are collateral to the merits of the underlying action. *Kellar v. Von Holtum,* 605 N.W.2d 696, 700 (Minn.2000). The goal of sanctions "is not to punish the offender or to shift fees, but to deter bad faith litigation." *Id.* at 701. Monetary sanctions may not be awarded against a represented party for asserting frivolous claims. Minn.Stat. § 549.211, subd. 5(b); Minn. R. Civ. P. 11.03(b)(1).

In contrast, a party moving for conduct-based attorney fees under Minn. Stat. § 518.14, subd. 1, has the burden to show that the conduct of the other party unreasonably contributed to the length or expense of the proceeding. *Geske v. Marcolina,* 624 N.W.2d 813, 818 (Minn.App. 2001). While bad faith could unnecessarily increase the length or expense of a proceeding, it is not required for an award of conduct-based attorney fees under Minn. Stat. § 518.14, subd. 1. *Id.* at 818–19. Generally, conduct-based attorney fees are to be based on the party's behavior occurring during the litigation process. *Id.* The court is not permitted to award conduct-based attorney fees against an attorney for a party under Minn.Stat. § 518.14, subd. 1. *Sanvik v. Sanvik,* 850 N.W.2d 732, 737–38 (Minn.App.2014).

Because a conduct-based award of attorney fees under Minn.Stat. § 518.14, subd. 1, may be based on the impact a party's behavior has had on the costs of litigation, such fees could be awarded against a party who prevailed on the merits. A prevailing party may engage in conduct that unreasonably contributed to the length or expense of the proceeding, such as non-compliance with discovery. An award of conduct-based attorney fees under Minn.

Stat. § 518.14, subd. 1, could be based on a set of operative facts that is completely separate from the merits of the claims.

A motion for conduct-based attorney fees may be based on the opposing party's pursuit of frivolous or bad-faith claims. In those situations, the motion for conduct-based attorney fees is not completely separate from the merits of the challenged claims. But because a motion for conduct-based attorney fees focuses on a party's behavior and is not necessarily tied to the merits of the claims, we hold that conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, are separate claims.

■ Our holding that a motion for attorney fees, whether need-based or conduct-based, under Minn.Stat. § 518.14, subd. 1, is a separate claim will simplify appellate practice and obviate piecemeal appeals in family-law matters. In addition, delaying appellate review until the attorney-fees motion is fully decided will promote more efficient and cost-effective mediation at the appellate level. Unless exempted by the court, appeals in family-law cases are subject to mandatory mediation. Minn. R. Civ.App. P. 133.01.

In this case, the June 20, 2016 order enforcing the decree is not final and appealable because the order does not fully determine respondent's separate claim for conduct-based attorney fees under Minn. Stat. § 518.14, subd. 1. The time to appeal the June 20, 2016 order will not begin to run until judgment is entered on the attorney-fees award. *See Schifsky,* 773 N.W.2d at 789–90 (holding that an order awarding attorney fees is not appealable and instead the proper appeal lies from the judgment or amended judgment entered on the order).

**Appeal dismissed.**