Robert A. OLSON, Appellant,

v.

Robert D. TUFFORD, et al., Respondents.

No. C2–86–630.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Review Denied Oct. 29, 1986.

Jerome A. Miranowski, Oppenheimer, Wolff, Foster, Shepard and Donnelly, St. Paul, for appellant.

Patrice T. Billings, Robins, Zelle, Larson & Kaplan, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appeal is made from partial summary judgment dismissing several of appellant dissenting shareholder's causes of action. Appellant claims summary judgment as a matter of law was improper because (1) respondent corporation failed to transmit proper documents pursuant to Minn.Stat. § 302A.473, subd. 5 and (2) appellant's failure to present a demand for supplemental payment pursuant to Minn.Stat. § 302A.473, subd. 6 within 30 days of respondent's subdivision 5 mailing was nonprejudicial. We reverse and remand.

## FACTS

Appellant Robert A. Olson and respondents Robert D. Tufford and Dan W. Anderson were approximately equal shareholders in the closely-held corporation respondent Corporate Benefit Administrators, Inc. from 1980 to 1984. In November 1983, Tufford and Anderson formed Andord, Inc. In December 1983, appellant was not re-elected to Corporate Benefit Administrators' board of directors. The new board of directors merged Corporate Benefit Administrators into Andord, Inc., which was subsequently renamed Corporate Benefit Administrators, Inc. (CBA).

Appellant began exercising his dissenter's rights under Minn.Stat. § 302A.473. By letter dated February 29, 1984, appellant gave respondent CBA notice pursuant to subdivision 3. CBA responded pursuant to subdivision 4 regarding notice of procedure. Appellant demanded payment pursuant to subdivision 4.

On April 5, 1984, CBA remitted to appellant a check for $4687.50 as estimated fair value of appellant's shares. CBA also mailed appellant its 1982 tax return and a two-and-one-half page double-spaced "notice of dissenter's rights," which states:

> If you believe the amount remitted * * * is less than the fair value of the Shares, you may give written notice to the Corporation of your own estimate of the fair value of the shares and demand payment of the difference as a supplemental payment. Such written notice and demand for supplemental payment must be made within thirty (30) days after the Corporation mails the remittance. Otherwise, you are entitled only to the amount remitted by the Corporation.

Appellant did not make a demand for supplemental payment pursuant to subdivision 6 within 30 days after CBA's mailing. Appellant's affidavit alleges failure to demand was by mistake. Upon discovery of the mistake on May 21, 1984, appellant made demand for supplemental payment which was denied by CBA as untimely.

Appellant sued CBA in October 1984 alleging six counts: (I) failure to petition the district court for a fair value determination pursuant to Minn.Stat. § 302A.473, subd. 7; (II) failure to send proper doc-

uments pursuant to Minn.Stat. § 302A.473, subd. 5; (III) failure to adhere to the corporation's by-laws regarding cumulative voting for directors, (IV) breach of contract, (V) breach of fiduciary duty and (VI) fraud.

Respondents moved for summary judgment on counts I, II, III and VI. On April 2, 1985, the trial court granted respondents' motion regarding counts I, II and III, but denied summary judgment on count VI. Partial summary judgment was entered April 4, 1985.

Appellant moved to amend judgment to expressly provide there was no just reason to delay entry of judgment. That determination was made by trial court order on January 3, 1986. Amended judgment was entered on January 14, 1986. Appeal is made from the January 14 judgment. Respondents filed notice of review.

## ISSUES

1. Did the trial court abuse its discretion in directing entry of final partial judgment?

2. Was summary judgment proper?

## ANALYSIS

1. Respondents claim the trial court should not have expressly determined there was no just reason for delay in entry of partial summary judgment. *See* Minn.R. Civ.P. 54.02; Minn.R.Civ.App.P. 104.01.

The Minnesota Supreme Court established the standard of review regarding rule 54.02 orders, stating:

[T]he trial judge has discretion under the rule's proviso to allow a piecemeal appeal "if the parties or claims are clearly separable and no prejudice would result from appeal." 2A D. Herr & R. Haydock, Minnesota Practice 8 (1985).

We think a trial judge must be accorded broad discretion in deciding whether an immediate appeal of a partial summary judgment is warranted.

*Novus Equities Corporation v. EM–TY Partnership*, 381 N.W.2d 426, 428 (Minn. 1986).

■ Respondents argue appellant's claims are so interrelated as to be inseparable. But the trial court stated specific grounds regarding differences between appellant's causes of action:

The appraisal of plaintiff's shares, which is sought in Counts I and II, is an expedited procedure which, once it has been determined that the prerequisites of the statute have been complied with, consists solely of a valuation of the shares of the company. Should plaintiff prevail on its appeal with respect to Counts I and II, the trial of this action will be shortened considerably and the time and expense of the court and the parties in preparing for and trying this case will be reduced considerably. If judgment is not entered upon these counts at this time, the distinct possibility of two trials exists. The first would involve complicated issues concerning allegations of a breach of fiduciary duty and of fraud, which may be unnecessary depending upon the outcome of the appeal.

We would think it rare that a trial court could abuse its broad discretion in directing entry of final partial judgment and do not find it has done so here.

2. Appellant claims summary judgment should not have been granted for two reasons. First, CBA failed to comply with Minn.Stat. § 302A.473, subd. 5 (1984) by mailing to appellant nonconforming documents. Second, appellant's failure to comply with Minn.Stat. § 302A.473, subd. 6 was nonprejudicial.

### a. *Subdivision 5*

Appellant claims respondents' documents were nonconforming because respondents' description of procedure for demanding supplemental payment was so long and complicated as to be unclear and its transmittal of its 1982 tax return did not constitute the balance sheet and income statements required by statute.

Appellant relies on the distinction between subdivision 4 notice ("a brief description of the procedures to be followed under these sections") and subdivision 5 notice

("a brief description of the procedure to be followed in demanding supplemental payment"). He claims inclusion of other procedures and deadlines not relevant rendered the notice prejudicially confusing.

The trial court stated:

After reviewing the description itself, this court finds that Olson's contentions in this regard are meritless. The description is two and one-half pages long and written in very clear, plain English. Olson, himself an attorney, cannot realistically claim that the description provided by CBA was too complicated and long for him to understand. Any shorter description could run the risk of incompleteness. Olson's carelessness in reading the description and complying with the statute will not be so easily excused.

■ We agree that appellant, an attorney, could not reasonably have been confused by the notice. He was capable of discerning relevant information and disregarding extraneous provisions. While a layperson might not possess such understanding, we find appellant did and find his notice argument without merit.

Regarding the 1982 tax return, subdivision 5 requires the corporation to transmit:

The corporation's closing balance sheet and statement of income for a fiscal year ending not more than 16 months before the effective date of the corporate action, together with the latest available interim financial statements.

Minn.Stat. § 302A.473, subd. 5(a)(1) (1984).

Appellant claims:

While tax returns do contain a balance sheet and income statement, the legislature must have intended that "the corporation's balance sheet and income statements" would be those contained in the corporation's financial statements. The latter would be prepared according to generally accepted accounting principles and for the purpose of disclosing material financial information to shareholders. This is the same purpose to be served by the materials specified under Subd. 5.

Respondents argue the tax return fulfilled the legislature's intent to provide dissenting shareholders with necessary material information for evaluating the financial position of the corporation.

■ While a balance sheet and income statement might be contained within a tax return, a corporate tax return is not the document required under subdivision 5 to be transmitted to a dissenting shareholder. Submitting a tax return does not literally or substantially comply with the statute because different accounting principles are used and any relevant information is not readily discernible.

■ Because CBA failed to provide financial statement information required by Minn.Stat. § 302A.473, subd. 5, appellant's obligations under subdivision 6 of the section were not triggered. The time requirement of subdivision 6 does not begin to run until compliance is made with subdivision 5. Respondent CBA's failure to transmit proper documents excuses appellant's failure to literally comply with the 30–day time limit.

### b.  *Subdivision 6*

■ Subdivision 6 requires a dissenting shareholder to make written demand for supplemental payment within 30 days after the corporation mails remittance. Failure to give timely written notice prevents the shareholder from making additional recovery. Appellant claims he took reasonable steps to comply with subdivision 6 and his demand made after the 30–day period did not prejudice CBA.

Subdivision 6 is derived from the Model Business Corporations Act's section 81. Commentary to that section states:

The prescribed time periods and procedures are of the essence and *generally* the shareholder will lose his right if he does not follow them strictly.

Model Business Corp. Act § 81 comment (1971) (emphasis added). Commentary to Minn.Stat. § 302A.473 does not provide any guidance regarding whether its time provisions are to be strictly construed.

Here, appellant made his written demand 46 days after CBA mailed its nonconforming subdivision 5 documents. Respondent CBA had been advised orally of appellant's intent to claim a $75,000 valued stock interest. CBA suffered no prejudice as a result of appellant's claim made only 16 days beyond the statutory period.

We conclude summary judgment should not have been granted as a matter of law. Respondent CBA failed to provide conforming documents under subdivision 5 and appellant substantially complied with the directory time provisions of subdivision 6.

### DECISION

The trial court followed proper procedure in considering entry of partial summary judgment, but as a matter of law the result was error.

Reversed and remanded.