Peter J. OLMSCHEID,
Appellant, Respondent,

v.

James Arthur PATERSON, Defendant,

and

MINNEAPOLIS NORTHFIELD AND
SOUTHERN RAILWAY, Defendant
and third-party Plaintiff, Respondent,

v.

CITY OF EDINA, third-party
Defendant, Respondent,

and

Pennsylvania General Insurance
Company, intervenor, Appellant,
Respondent.

Nos. C2–88–1121, C3–88–1127.

Court of Appeals of Minnesota.

June 28, 1988.

Robert M. Austin, Austin & Roth, Minneapolis, for Olmscheid.

Winthrop A. Rockwell, Faegre & Benson, Minneapolis, for Minneapolis Northfield and Southern Ry.

Don C. Day, Peahl & Day, Minneapolis, for City of Edina.

Richard P. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, for Pennsylvania Gen. Ins. Co.

Considered at Special Term and decided by WOZNIAK, C.J., and CRIPPEN, and SHORT, JJ., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant Olmscheid sued respondent Paterson and respondent Minneapolis Northfield and Southern Railway. Respondent railroad commenced a third-party action against respondent City of Edina. Appellant Pennsylvania General Insurance Co. moved to intervene and the motion was granted. By judgment dated February 26, 1988 the trial court dismissed the claims

against respondent railroad and the City of Edina. The February 26 judgment did not address the claim of appellant Olmscheid against respondent Paterson.

Appellant Pennsylvania General Insurance Co. filed a notice of appeal on May 24, 1988 seeking review of the February 26 judgment. The next day appellant Olmscheid filed a notice of appeal seeking review of the same February 26 judgment. This court questioned jurisdiction in both appeals and directed the parties to file memoranda on the appealability of the February 26 judgment.

## DECISION

 A judgment which does not adjudicate all the claims of all the parties and which is not entered pursuant to an order which states that there is no just reason for delay and directs entry of final judgment is not appealable. *See* Minn.R.Civ. App.P. 104.01 and Minn.R.Civ.P. 54.02. It appears the only remaining claim not addressed by the February 26 judgment is the claim of appellant Olmscheid against respondent Paterson. Although we have not seen a copy of any stipulation, the parties acknowledge that claim has been settled. However, no party has produced a copy of an order or judgment which adjudicates or dismisses the claim pursuant to the settlement, nor did the trial court make the express determination specified under rule 104.01. For this reason the February 26 judgment is still a partial judgment and the appeals must be dismissed at this time. Appellants may seek review of the February 26 judgment after a final judgment is entered which dismisses the claim of appellant Olmscheid against respondent Paterson. *See* Minn.R.Civ.App.P. 104.01 Comment.

Appeals dismissed.