**FIRST NATIONAL BANK OF WINDOM, Windom, Minnesota, Respondent,**

v.

**James ROSENKRANZ, d/b/a Verchota Furniture, Appellant.**

No. C3–88–1841.

Court of Appeals of Minnesota.

Oct. 18, 1988.

Daniel M. McDonald, Ruenitz, Gudmestad, Gross & McDonald, Windom, for respondent.

Clyde E. Miller, Parris, Miller & Maus, Hector, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent First National Bank of Windom brought a replevin action against appellant James Rosenkranz, d/b/a Verchota

Furniture, and sought a deficiency judgment for the unpaid balance on a promissory note. First National Bank had previously obtained property from Rosenkranz by replevin order, which was sold. Rosenkranz counterclaimed, asserting wrongful interference with business relationships, wrongful repossession, and negligent and intentional infliction of emotional distress.

First National Bank moved for summary judgment and Rosenkranz moved to amend his answer and counterclaim. By summary judgment entered June 2, 1988 the trial court dismissed Rosenkranz's counterclaims and granted First National's motion, finding Rosenkranz breached the terms of the promissory note. The trial court directed that the question of a deficiency judgment for the bank and the issue of the commercial reasonableness of the sale of replevied property be resolved after an additional hearing.

Rosenkranz seeks review of the June 2 judgment. This court questioned jurisdiction and directed the parties to file memoranda on whether the June 2 judgment was a final appealable judgment adjudicating all claims in the action.

## DECISION

A partial judgment which fails to adjudicate all claims in an action is not immediately appealable unless the trial court has made an express determination that there is no just reason for delay and directed entry of a final partial judgment pursuant to Minn.R.Civ.App.P. 104.01 and Minn.R.Civ.P. 54.02. *Olmscheid v. Minneapolis Northfield & Southern Railway*, 425 N.W.2d 312, 313 (Minn.Ct.App.1988). Absent the express determination required by the rules, a partial judgment is not appealable until entry of a final judgment adjudicating all remaining claims in the action. *Id.* The bank's claim for a deficiency judgment and Rosenkranz's claim that the sale of his property was not commercially reasonable remain. The trial court did not make the determination that an immediate appeal was appropriate.

Rosenkranz claims that after entry of the June 2 judgment he moved the trial court to make the express determination pursuant to Minn.R.Civ.P. 54.02 and Minn.R.Civ.App.P. 104.01, but the court refused. A decision whether to make the express determination to allow immediate review of a partial judgment falls within the discretion of the trial court. The supreme court has recently reemphasized piecemeal review is not favored. *See generally Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 178 (Minn.1988). The rules of appellate procedure are designed to conserve judicial resources and to expedite trial proceedings. *Id.*

Appeals from partial judgments which do not adjudicate all claims can cause unnecessary delays and expense to the parties and burden the appellate courts with multiple appeals out of the same action, when issues could be more economically handled in a single appeal after entry of a final judgment adjudicating all remaining claims. *Id.* Only where substantial benefits to the parties in a particular case outweigh the general policy considerations against piecemeal review, and an immediate appeal will not cause prejudice, should trial courts authorize immediate appeals from partial judgments. *See generally Novus Equities Corp. v. EM–TY Partnership*, 381 N.W.2d 426, 428 (Minn.1986) (immediate appeal appropriate where party could suffer substantial monetary loss if appeal delayed). A trial judge should "weigh the benefits to be gained from an immediate appeal with any detriments that result from such an appeal." 2A D. Herr & R. Haydock, *Minnesota Practice* § 54.9 at 9 (1985).

In this case, there is no substantial benefit to be gained by allowing an immediate appeal of the partial judgment because the amount of the deficiency judgment is yet to be determined. The interests of judicial economy and the general policy against piecemeal review warrant that any appeal be taken after entry of a final judgment adjudicating all remaining claims.

Appeal dismissed.