Robert KRMPOTICH, et al.,
Appellants (C3–89–1946),

Denise Dahlgren, et al.,
Appellants (C5–89–1947),

v.

The CITY OF DULUTH, Watson Centers, Inc., intervenor,
Respondents.

Nos. C3–89–1946, C5–89–1947.

Court of Appeals of Minnesota.

Dec. 26, 1989.

**508**

Harold A. Frederick, Fryberger, Buchanan, Smith & Frederick, Duluth, for Robert Krmpotich, et al.

Daniel H. Mundt, Mundt & Associates, Duluth, for Denise Dahlgren, et al.

William P. Dinan, Duluth City Atty., Duluth, for City of Duluth.

A. Blake MacDonald, MacDonald, Munger, Downs & Munger, Duluth, for Watson Centers, Inc.

Considered and decided at Special Term by WOZNIAK, C.J., and FORSBERG and NORTON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent Watson Centers, Inc. planned to build a strip shopping mall in Duluth. The Duluth City Council made various zoning and permit decisions regarding the shopping center. Appellants Robert Krmpotich, Alden Lind and Charles Kolasinski (Krmpotich) challenged the authority of the city council to grant a wetland/flood plain variance, a C–5 plan permit, and a plat vacation. This was District Court File No. 8920676.

In a related action, District Court File No. 8920709, appellants Denise Dahlgren, Mathew Eckman, Susan Gagne, Kenneth Kline, Gordon Messadahl and Don Pierce (Dahlgren) also challenged the city council's actions. The Dahlgren complaint contained 14 counts, some of which were identical to Krmpotich's. The Krmpotich and Dahlgren actions were consolidated by order of the trial court.

The parties brought cross-motions for summary judgment. The trial court granted summary judgment for respondents City of Duluth and Watson Centers, Inc. on all counts of the Krmpotich action and on all but three of the Dahlgren counts. The court reserved the Dahlgren counts alleging inverse condemnation, nuisance, and violation of the Minnesota Open Meeting Law for trial.

Judgment was entered October 3, 1989, and Krmpotich and Dahlgren brought separate appeals. This court consolidated the

appeals and questioned the finality of the October 3 judgment.

## DECISION

A judgment which does not adjudicate all the claims of all the parties and which is not entered pursuant to an order which states that there is no just reason for delay and which directs entry of final judgment is not appealable. *Olmscheid v. Minneapolis Northfield & Southern Railway,* 425 N.W.2d 312 (Minn.Ct.App.1988). The decision whether to make the express determination of Minn.R.Civ.P. 54.02 to allow immediate review of a partial judgment falls within the discretion of the trial court. *First National Bank of Windom v. Rosenkranz,* 430 N.W.2d 267 (Minn.Ct.App.1988). The primary thrust of the Rules of Civil Appellate Procedure is that an appeal should not be brought or considered piecemeal. *Emme v. C.O.M.B., Inc.,* 418 N.W.2d 176, 179 (Minn.1988).

The judgment in this case adjudicated all the claims brought by Krmpotich. The judgment adjudicated only 11 of the 14 claims brought by Dahlgren. The trial court's order for summary judgment did not contain the express determination of Minn.R.Civ.P. 54.02.

Allowing Krmpotich to appeal from the judgment at this time, or allowing Dahlgren to seek review of the partial summary judgment, could result in piecemeal appellate review. There are outstanding claims. Resolution of this appeal will not preclude a possible future appeal. Absent the express determination of Minn.R.Civ.P. 54.02, the October 3 judgment is not appealable at this time.

Appeal dismissed.