**T & R FLOORING, LLC, Respondent,**

v.

**Beverly J. O'BYRNE, et al., Appellants,**

**Eastwood Bank, Respondent,**

**Mac's Plumbing Service, Inc., et al., Respondents,**

**Johnson Comfort Systems, Inc., Respondent.**

No. A12–1777.

Court of Appeals of Minnesota.

Feb. 14, 2013.

Paul H. Grinde, Ryan & Grinde, Ltd., Rochester, MN, for respondent T & R Flooring, LLC.

David W. VanDerHeyden, Brian J. Ellsworth, VanDerHeyden Law Office, P.A., Rochester, MN, for appellants.

Mark E. Fosse, Dunlap & Seeger, P.A., Rochester, MN, for respondent Eastwood Bank.

Daniel P. Doda, Doda & McGeeney, Rochester, MN, for respondents Mac's Plumbing Service, Inc., et al.

Jed J. Hammell, Rippe, Hammell & Murphy, P.L.L.P., Caledonia, MN, for respondent Johnson Comfort Systems, Inc.

Considered and decided by JOHNSON, Chief Judge; STAUBER, Judge; and CHUTICH, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

This appeal is taken from a judgment that determined the respondents' claims concerning the validity, amount, and priority of certain mechanics' liens. The judgment is a partial judgment because of the pendency of appellants' counterclaims, which also concern the validity of the mechanics' liens and, in addition, seek to offset the amounts of the liens against the damages caused by respondents' alleged breach of contract and negligence. The district court's order for judgment states that there is no just reason for delay and directs entry of judgment pursuant to rule 54.02 of the Minnesota Rules of Civil Procedure. We questioned whether the district court properly directed entry of final judgment, and the parties filed informal memoranda.

## DECISION

■■■ As a general rule, an appeal in a civil case should be brought after the entry of final judgment. *See* Minn. R. Civ.App. P. 103.03(a). A partial judgment ordinarily is not an appealable judgment and, thus, "should be included within a single appeal from a final judgment that fully disposes of the litigation." *Brookfield Trade Ctr. v. County of Ramsey*, 609 N.W.2d 868, 873 n. 6 (Minn.2000); *see also Erickson v. General United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn.1977). The basic "thrust" of the rules of civil appellate procedure "is that appeals should not be brought or considered piecemeal." *Emme v. C.O.M.B., Inc.*,

418 N.W.2d 176, 179 (Minn.1988). This general policy conserves judicial resources and promotes the prompt completion of trial proceedings. *Id.* The general policy also avoids the disruption, delay, and expense of pre-trial appeals; avoids placing unnecessary burdens on appellate courts; and allows district court judges to supervise pre-trial and trial proceedings without interference by appellate courts. *Id.*

Notwithstanding this general policy, the rules of civil appellate procedure permit interlocutory appeals in certain circumstances. One such circumstance [1] is the entry of final partial judgment pursuant to rule 54.02 of the Minnesota Rules of Civil Procedure. *See* Minn. R. Civ.App. P. 103.03(a). A party may appeal from a partial judgment entered pursuant to rule 54.02 if an action involves "multiple claims for relief or multiple parties" and if the district court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment. Minn. R. Civ. P. 54.02; Minn. R. Civ.App. P. 104.01, subd. 1. Rule 54.02 is both a means of "reduc[ing] piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation" and of "liberaliz[ing] the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided." *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 787 (Minn.2009).

■■■ A district court's decision to direct entry of final partial judgment pursu-

---

1. Other circumstances include, but are not limited to, a party's petition for discretionary review, *see* Minn. R. Civ.App. P. 105, and a district court's certification of a question that is "important and doubtful," *see* Minn. R. Civ.App. P. 103.03(i). Each of these avenues to interlocutory appellate review depends on the application of substantive criteria by the court of appeals, *see Gordon v. Microsoft*

*Corp.*, 645 N.W.2d 393, 399–402 (Minn.2002) (specifying factors for consideration of petitions for discretionary review), or by a district court initially, subject to the court of appeals' independent determination, *see Siewert v. Northern States Power Co.*, 757 N.W.2d 909, 914–16 (Minn.App.2008) (considering whether certified questions are important and doubtful).

ant to rule 54.02 is a two-step process. First, a district court may consider directing entry of final partial judgment only if a case involves multiple parties or "multiple claims for relief." Minn. R. Civ. P. 54.02. The term "multiple claims for relief" means that the case is "based on more than one legal theory or states more than one group of operative facts giving rise to relief." *Schifsky*, 773 N.W.2d at 787. Second, if the first requirement is satisfied, a district court then may consider whether "substantial benefits to the parties in a particular case outweigh the general policy considerations against piecemeal review," which includes the question whether the absence of an immediate appeal would cause prejudice to either party. *See First Nat'l Bank of Windom v. Rosenkranz*, 430 N.W.2d 267, 268 (Minn.App. 1988). This court applies a *de novo* standard of review to the first determination, *i.e.,* the question whether a final partial judgment involves multiple parties or multiple claims. *Schifsky*, 773 N.W.2d at 786. We apply an abuse-of-discretion standard of review to the second determination, *i.e.,* the question whether substantial benefits to the parties in a particular case outweigh the general policy considerations against piecemeal review. *Id.* at 786–87.

■ In this case, it is undisputed that the first requirement of rule 54.02 is satisfied because the case involves "multiple claims," as that term has been interpreted by *Schifsky*. The only question is whether the district court properly balanced the considerations relevant to the second requirement.

The supreme court has warned that district courts should not "automatically" direct entry of final partial judgment by merely reciting the key language of rule 54.02, *i.e.,* that there is no just reason for delay. *Schifsky*, 773 N.W.2d at 787 n. 2. If a district court provides an explanation of

its reasons for directing entry of final partial judgment, this court easily may review the district court's reasons according to a deferential standard of review. *See, e.g., Olson v. Tufford,* 392 N.W.2d 281, 283 (Minn.App.1986) (concluding that district court that "stated specific grounds" for directing entry of final partial judgment did not abuse its discretion), *review denied* (Minn. Oct. 29, 1986). But if a district court has not provided any explanation of its reasons for directing entry of final partial judgment, there is nothing to which this court can defer. The supreme court has not provided a framework for determining whether a district court has properly exercised its discretion at the second step of the rule 54.02 process if the district court is silent about its reasons for directing entry of final partial judgment. Because rule 54.02 is similar to its federal analogue, rule 54(b) of the Federal Rules of Civil Procedure, it is appropriate to refer to the federal caselaw. *See Schifsky,* 773 N.W.2d at 787 n. 3.

The federal appellate courts generally give "substantial deference" to a district court's decision to direct entry of final partial judgment pursuant to rule 54(b) because the district court is "most likely to be familiar with the case and with any justifiable reasons for delay." *Huggins v. FedEx Ground Package Sys., Inc.,* 566 F.3d 771, 774 (8th Cir.2009). But this type of deference is extended only if a district court has articulated the reasons for its discretionary decision to direct entry of final partial judgment. *See id.* If a district court's order is silent concerning the reasons for directing entry of final partial judgment, or does not reflect an evaluation of relevant factors, a federal appellate court will scrutinize the district court's decision more carefully. *Id.* Accordingly, the Eighth Circuit has dismissed multiple

appeals from final partial judgments that were not properly subject to interlocutory review because the district court was silent about its reasons for directing entry of final partial judgment and the record revealed no danger of hardship or injustice through delay that would be alleviated by an interlocutory appeal. *See, e.g., Clos v. Corrections Corp. of America,* 597 F.3d 925, 929 (8th Cir.2010); *Huggins,* 566 F.3d at 774–75; *McAdams v. McCord,* 533 F.3d 924, 929 (8th Cir.2008).

The Eighth Circuit has stated that "[a] Rule 54(b) determination should not be made routinely; it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1119 (8th Cir.2011). Accordingly, the Eighth Circuit has summarized its caselaw by stating, "Our cases are uniform in holding that we will not assume jurisdiction over a case certified to us under Rule 54(b) as a routine matter or as an accommodation to counsel and that we will not do so unless there is some danger of hardship or injustice which an immediate appeal would alleviate." *Taco John's, Inc. v. Bix Produce Co.,* 569 F.3d 401, 402 (8th Cir.2009). Furthermore, the Eighth Circuit has stated that it is obligated to consider the propriety of a rule 54(b) directive *sua sponte,* even if an appellee does not challenge the appeal. *See Williams v. County of Dakota,* 687 F.3d 1064, 1067 (8th Cir.2012) ("Although both [parties] agree that Rule 54(b) certification was properly granted ... the parties may not create jurisdiction by waiver or consent." (quotation omitted)); *accord Morey v. School Bd. of Indep. Sch. Dist. No. 492,* 268 Minn. 110, 113, 128 N.W.2d 302, 305 (1964) ("that both parties involved in this litigation may want a speedy determina-

tion of their rights ... cannot operate to confer jurisdiction upon this court").

■ In this case, the district court's order for judgment did not state any reasons why the partial judgment should be subject to interlocutory appellate review. In the absence of stated reasons, we scrutinize the district court's decision carefully. *See Huggins,* 566 F.3d at 774. We may review materials in the record to determine whether, in our view, the parties urged valid reasons for directing final partial judgment or whether a compelling reason is obvious. *See Williams,* 687 F.3d at 1068; *Clos,* 597 F.3d at 929; *Huggins,* 566 F.3d at 774; *McAdams,* 533 F.3d at 929. That type of inquiry does not justify the district court's directive in this case. In their memoranda to this court, all parties to the appeal agree that interlocutory appellate review of the partial judgment is not appropriate. Our review of the parties' memoranda and the district court file indicates that the parties did not clearly communicate their positions to the district court before the district court directed entry of final partial judgment pursuant to rule 54.02. Appellants' counsel sought clarification of the district court's intent, which the district court apparently interpreted as a request for entry of final partial judgment. In any event, the district court record does not reflect any reasons why "substantial benefits to the parties ... outweigh the general policy considerations against piecemeal review." *Rosenkranz,* 430 N.W.2d at 268.

■ In sum, we conclude that the district court erred by directing entry of final partial judgment pursuant to rule 54.02. We therefore dismiss the appeal as taken from a nonappealable partial judgment. Appellants may obtain review of the partial judgment in a proper and time-

ly appeal after entry of final judgment.[2] *See* Minn. R. Civ.App. P. 104.01, subd. 1.

**Appeal dismissed.**

---

**2.** Respondents note that their motion for attorney fees is pending. The amount of attorney fees awarded in a mechanic's lien action is not a separate claim. *Schifsky*, 773 N.W.2d at 788. But entry of judgment should be delayed until attorney fees and costs have been finally determined, to avoid any issues concerning the amount necessary to redeem the lien foreclosure. *See id.* at n. 4.