STERLING STATE BANK,
Respondent,

v.

MAAS COMMERCIAL PROPERTIES,
LLC, et al., Appellants.

No. A13–0643.

Court of Appeals of Minnesota.

Aug. 26, 2013.

Review Denied Nov. 12, 2013.

Tracy J. Morton, Apple Valley, MN, for respondent.

John Koneck, Peter J. Diessner, Fredrikson & Byron, P.A., Minneapolis, MN, for appellants.

Considered and decided by JOHNSON, Chief Judge; STONEBURNER, Judge; and CONNOLLY, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

This appeal is taken from a partial judgment that determined some but not all of respondent's claims and all of appellants' counterclaims. The district court stated that there is no just reason for delay and directed entry of final partial judgment pursuant to rule 54.02 of the Minnesota Rules of Civil Procedure. We questioned our jurisdiction over the appeal and asked the parties to submit memoranda on the question whether the district court properly directed entry of a final partial judgment. We conclude that the benefits of interlocutory appellate review in this case do not outweigh the general policy against piecemeal appellate review and that neither party would be prejudiced without interlocutory appellate review. Therefore, we dismiss the appeal.

Respondent Sterling State Bank lent money to appellant Maas Commercial Properties, LLC (hereinafter MCP), to finance real estate developments in Dakota County and Scott County. MCP executed a promissory note and gave respondent a mortgage and an assignment of rents on the properties. Appellants Alan Maas and Lynette Maas executed personal guaranties. After appellants defaulted, respondent commenced this action with a multicount complaint. Appellants answered the complaint and alleged multiple counterclaims.

The district court granted respondent's motion for partial summary judgment. The district court ordered summary judgment in favor of respondent on its breach-of-contract claims, permitted respondent to foreclose the mortgage recorded against the Dakota County property, confirmed the foreclosure sale of the Scott County property, and discharged the notices of *lis pendens* against the properties. The district court also granted summary judgment to respondent on all of appellants' counterclaims. Respondent did not move for summary judgment on its claims of slander of title, unjust enrichment, fraudulent misrepresentation, and promissory estoppel. Accordingly, those claims remained pending after partial judgment was entered on the district court's summary judgment order.

Although not requested by either party, the district court's order states that there is no just reason for delay and directs entry of final partial judgment. The district court's order does not contain any reasons for directing entry of a final partial judgment pursuant to rule 54.02. The district court administrator entered judgment on the same day that the order was issued.

After the entry of final partial judgment, appellants' counsel submitted a letter to the district court requesting reconsideration, both on the merits and on the district court's directive for entry of final partial judgment pursuant to rule 54.02. Respondent's counsel submitted a letter opposing reconsideration. The district court denied appellants' request for reconsideration without addressing the propriety of the directive for entry of final partial judgment.

Appellants timely filed a notice of appeal from the final partial judgment. This court issued an order questioning whether the district court properly directed entry of final partial judgment.[1] Both appellants and respondent filed memoranda.

## DECISION

This court recently summarized the caselaw interpreting rule 54.02:

As a general rule, an appeal in a civil case should be brought after the entry of final judgment. *See* Minn. R. Civ. App. P. 103.03(a). A partial judgment ordinarily is not an appealable judgment and, thus, "should be included within a single appeal from a final judgment that fully disposes of the litigation." *Brookfield Trade Ctr. v. County of Ramsey*, 609 N.W.2d 868, 873 n. 6 (Minn.2000); *see also Erickson v. General United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn. 1977). The basic "thrust" of the rules of civil appellate procedure "is that appeals should not be brought or considered piecemeal." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn.1988). This general policy conserves judicial resources and promotes the prompt completion of trial proceedings. *Id.* The general policy also avoids the disruption, delay, and expense of pre-trial appeals; avoids placing unnecessary burdens on appellate courts; and allows district court judges to supervise pre-trial and

---

1. We also questioned whether respondent was pursuing attorney fees and, if so, whether the district court's order completely adjudicated respondent's claim of breach of contract. *See In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 246 (Minn.1982) (holding that rule 54.02 does not allow entry of final partial judgment based on partial adjudica-tion). We did so because the district court's order provided that respondent is entitled to attorney fees and costs pursuant to the loan agreement. But respondent clarified in its memorandum that it is not seeking attorney fees. Thus, it is unnecessary to address that issue.

trial proceedings without interference by appellate courts. *Id.*

Notwithstanding this general policy, the rules of civil appellate procedure permit interlocutory appeals in certain circumstances. One such circumstance is the entry of final partial judgment pursuant to rule 54.02 of the Minnesota Rules of Civil Procedure. *See* Minn. R. Civ.App. P. 103.03(a). A party may appeal from a partial judgment entered pursuant to rule 54.02 if an action involves "multiple claims for relief or multiple parties" and if the district court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment. Minn. R. Civ. P. 54.02; Minn. R. Civ.App. P. 104.01, subd. 1. Rule 54.02 is both a means of "reduc[ing] piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation" and of "liberaliz[ing] the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided." *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC,* 773 N.W.2d 783, 787 (Minn.2009).

*T & R Flooring, LLC v. O'Byrne,* 826 N.W.2d 833, 835 (Minn.App.2013) (footnote omitted).

■■■ "A district court's decision to direct entry of final partial judgment pursuant to rule 54.02 is a two-step process." *Id.* at 835–36. First, a district court may enter final partial judgment "only if a case involves multiple parties or 'multiple claims for relief.'" *Id.* at 836 (quoting Minn. R. Civ. P. 54.02). "Second, if the first requirement is satisfied, a district court then may consider whether 'substan-tial benefits to the parties in a particular case outweigh the general policy considerations against piecemeal review,' which includes the question whether the absence of an immediate appeal would cause prejudice to either party." *Id.* (quoting *First Nat'l Bank of Windom v. Rosenkranz,* 430 N.W.2d 267, 268 (Minn.App.1988)). With respect to the second step, the supreme court has made clear that district courts should not "automatically" direct entry of final partial judgment by merely reciting the operative language of rule 54.02, that there is no just reason for delay. *Schifsky,* 773 N.W.2d at 787 n. 2.

■■■ This court applies a *de novo* standard of review to the first issue, whether a case involves multiple parties or multiple claims. *Schifsky,* 773 N.W.2d at 786; *T & R Flooring,* 826 N.W.2d at 836. We ordinarily apply an abuse-of-discretion standard of review to the second issue, "whether substantial benefits to the parties outweigh the general policy considerations against piecemeal review." *T & R Flooring,* 826 N.W.2d at 836; *see also Schifsky,* 773 N.W.2d at 786–87. The abuse-of-discretion standard of review applies if a district court articulates its discretionary decision by explaining the reasons for directing entry of final partial judgment. *Id.* at 836. In that event, appellate courts "give 'substantial deference' to a district court's decision to direct entry of final partial judgment pursuant to rule 54(b) because the district court is 'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Id.* (quoting *Huggins v. FedEx Ground Package Sys., Inc.,* 566 F.3d 771, 774 (8th Cir. 2009)).[2] "But if a district court has not provided any explanation of its reasons for

---

2. Federal caselaw is relevant and helpful because rule 54.02 is similar to its federal analogue, rule 54(b) of the Federal Rules of Civil Procedure. *See Schifsky,* 773 N.W.2d at 787 n. 3; *T & R Flooring,* 826 N.W.2d at 836.

directing entry of final partial judgment, there is nothing to which this court can defer." *Id.* In that situation, it is appropriate to scrutinize the district court's decision carefully to determine whether "the parties urged valid reasons for directing final partial judgment or whether a compelling reason is obvious." *Id.* at 837.

■ In this case, the parties agree that there was no error at the first step of the two-step process because the case "involves ... 'multiple claims for relief.'" *Id.* at 836 (quoting Minn. R. Civ. P. 54.02). But the parties disagree concerning the second step, whether the district court properly balanced the considerations of the second requirement, whether "there are 'substantial benefits to the parties [that] outweigh the general policy considerations against piecemeal review'" and "'whether the absence of an immediate appeal would cause prejudice to either party.'" *Id.* at 836 (quoting *Rosenkranz*, 430 N.W.2d at 268).

It is notable that appellants argue that this court "does not have jurisdiction to take this appeal because ... the district court erred in concluding that there is no just reason for delay and directing the entry of final partial judgment." Appellants note that "[n]either party made any arguments about whether a Rule 54.02 determination was appropriate in this case, and the [district court] conducted no written analysis on this issue." Appellants state that the district court "simply inserted a Rule 54.02 determination at the end of the Order," which appellants characterize as "exactly what the Minnesota Supreme Court cautioned against in *Schifsky*." Appellants contend essentially that there are no benefits to interlocutory appellate review, "much less substantial benefits that outweigh the general policy considerations against piecemeal appeals." *See T & R Flooring*, 826 N.W.2d at 836.

It appears that appellants filed a notice of appeal simply to protect their right to appellate review of the district court's summary judgment ruling, a course of action that was made necessary by the district court's directive for entry of final partial judgment. *See, e.g., Javinsky v. Comm'r of Admin.*, 725 N.W.2d 393, 397–98 (Minn.App.2007) (refusing to consider issues related to partial judgment entered pursuant to rule 54.02 because appeal was not filed until entry of final judgment adjudicating all claims).

Respondent, on the other hand, argues that the district court did not err by directing entry of final partial judgment, even though the district court did "not articulate the reasons why the partial judgment should be subject to interlocutory appellate review." Respondent states that a careful review of the district court record reveals "valid and compelling reasons for entering a final partial judgment."

Specifically, respondent identifies two reasons why the case warrants interlocutory appellate review, both of which respondent presented to the district court after the entry of final partial judgment, in its letter opposing appellants' request for reconsideration. First, respondent states that an order discharging a notice of *lis pendens* and an order directing a foreclosure sale are immediately appealable. Respondent appears to be asserting reasons why *appellants* might be interested in interlocutory appellate review. But appellants' memorandum does not express any interest in interlocutory appellate review of the two rulings identified by respondent. Furthermore, appellants' statement of the case indicates that they do not intend to raise either of those two issues in their brief on the merits. Respondent cannot establish valid reasons for interlocutory appellate review by asserting an interest belonging to appellants that appellants

have made no effort to protect. Thus, respondent's first reason for justifying the district court's directive for entry of final partial judgment is without merit.

Second, respondent argues that interlocutory appellate review would allow respondent to know whether the district court's partial summary judgment order is correct before deciding whether to proceed with its pending claims. Respondent may have identified a reason why interlocutory appellate review would be advantageous to respondent. But respondent has not identified a reason that would yield " 'substantial benefits to the parties' " that are sufficient to " 'outweigh the general policy considerations against piecemeal review.' " *T & R Flooring*, 826 N.W.2d at 836 (quoting *Rosenkranz*, 430 N.W.2d at 268). Appellants do not share respondent's view that interlocutory appellate review would be beneficial, which indicates that there are not "substantial benefits to the parties." *Id.* (quoting *Rosenkranz*, 430 N.W.2d at 268).

In addition, respondent cannot claim to be prejudiced by the pendency of claims that it chose to plead in its complaint but to not include in its motion for partial summary judgment. Respondent could have avoided the situation about which it now complains by either not pleading those claims or by including them in its summary judgment motion or by simply proceeding to trial. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir.1997) (emphasizing need to scrutinize decision to direct entry of final partial judgment when plaintiff engages in "shotgun" pleading). Respondent also can alleviate any prejudice by dismissing the pending claims with prejudice to allow entry of a final judgment. In essence, respondent seeks piecemeal appellate review for its own convenience. But respondent's preference is contrary to the general rule that appellate review should occur after a final judgment on all claims and defenses. *See Brookfield Trade Ctr.*, 609 N.W.2d at 873 n. 6; *Emme*, 418 N.W.2d at 179; *Erickson*, 256 N.W.2d at 259. The caselaw is clear that an appellate court will not assume jurisdiction over a final partial judgment "as an accommodation to counsel" but, rather, will do so only in cases in which "there is some danger of hardship or injustice which an immediate appeal would alleviate." *Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402 (8th Cir.2009). The federal caselaw abounds with cases in which a federal circuit court declined to exercise jurisdiction over an appeal from a final partial judgment that resolves some but not all of a plaintiff's claims. *See, e.g., Novick v. AXA Network, LLC*, 642 F.3d 304, 313–14 (2d Cir.2011); *Clos v. Corrections Corp. of America*, 597 F.3d 925, 929 (8th Cir.2010); *Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir.2005); *Ebrahimi*, 114 F.3d at 165–68.

 Furthermore, the claims that have been determined and the claims that still are pending in the district court are interrelated because they concern the same set of facts. Appellate courts generally decline to entertain interlocutory appeals if the adjudicated claims and the pending claims are closely related and based on the same nucleus of operative facts, rather than separate and distinct. *See, e.g., Outdoor Cent., Inc. v. Great-Lodge.com, Inc.*, 643 F.3d at 1119 (8th Cir.2011). Accordingly, a district court's decision to direct the entry of final partial judgment ordinarily should "reflect an evaluation of the interrelationship of the claims so as to prevent piecemeal appeals" concerning the same factual or legal issues. *Williams v. County of Dakota*, 687 F.3d 1064, 1068 (8th Cir.2012) (quotation omitted). In this case, the interrelated-

ness of the adjudicated claims and the pending claims undermines respondent's argument for interlocutory appellate review. Thus, respondent's second reason for justifying the district court's directive for entry of final partial judgment also is without merit.

In sum, neither party requested that the district court direct entry of a final partial judgment, and the district court did not explain its reasons for determining that there is no just reason for delay. We have carefully reviewed the district court record to determine whether "the parties urged valid reasons for directing final partial judgment or whether a compelling reason is obvious." *T & R Flooring,* 826 N.W.2d at 837. Respondent presented the district court with two after-the-fact justifications for directing the entry of final partial judgment. But neither justification is a valid reason for piecemeal appellate review, and there are no other valid reasons that are compelling and obvious. Thus, we conclude that the district court erred by directing entry of final partial judgment pursuant to Minn. R. Civ. P. 54.02. Therefore, we dismiss the appeal as taken from a non-appealable partial judgment.

**Appeal dismissed.**