*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0335**

Amber Jemison,
Appellant,

vs.

Child Protection Service, et al.,
Respondents.

**Filed November 24, 2025**
**Remanded**
**Reyes, Judge**
**Dissenting, Worke, Judge**

Hennepin County District Court
File No. 27-CV-24-18904

Amber Jemison, Minneapolis, Minnesota (self-represented appellant)

Mary F. Moriarty, Hennepin County Attorney, Devona L. Wells, Assistant County Attorney, Minneapolis, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellant challenges the district court's denial of her fee-waiver application. Following recent precedential caselaw, because the district court did not provide an explanation for the denial and we cannot identify a compelling and obvious reason, we remand.

**FACTS**

On December 16, 2024, appellant AmBer Jemison[1] filed a complaint in district court against respondents Child Protection Service, presumably of Hennepin County; the Fourth Precinct, presumably of the Minneapolis Police Department; the SSA, presumably referring to the Social Security Administration; and the Minnesota Crime Victims Reimbursement Program, among others.

On the same day that she filed her complaint, appellant applied for a fee waiver to proceed with her case in district court. Minn. Stat. § 563.01, subd. 3 (2024). The district court denied her application in a one-page form order with a checked box indicating: "The action is frivolous." The district court did not provide any further explanation for its decision. This appeal follows.[2]

**DECISION**

Appellant challenges the district court's denial of her fee-waiver application. While the county argues that we cannot analyze appellant's challenge on the grounds of forfeiture, we are not persuaded. We note that neither appellant nor the district court had the opportunity to address the application of our recent precedential decision on this topic because we issued that opinion after the district court issued its order and after

---

[1] The case caption in the district court identified appellant as "Amber Jemison," and the caption of this opinion conforms to the caption used in the district court. *See* Minn. R. Civ. App. P. 143.01. Appellant's brief identifies appellant as "AmBer Jemison," and we use appellant's stated name in the body of this opinion.

[2] Along with filing this appeal, appellant requested a second fee waiver for appellate proceedings, under Minn. R. Civ. App. P. 109.02. The district court granted the appellate fee waiver and found the appeal itself to be "[n]ot frivolous."

appellant filed her brief on appeal. Based on that, and the unique facts of this case, we remand.

## I. Review of appellant's challenge to the district court's denial of her fee-waiver request is appropriate.

Appellant challenges the district court's denial of her fee-waiver application. The county argues that appellant forfeited "any assignment of error" on appeal because she cited "no pertinent legal authority or analysis related to their fee-waiver denial." The county suggests that this court cannot analyze appellant's challenge. We are not persuaded.

Appellant made several allegations in her complaint. Although the complaint is not publicly available, we mention pertinent facts in this opinion when a "discussion is necessary and relevant to the particular issues or legal argument." Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 4. Appellant alleges in her complaint that respondents engaged in "false informing," violated her privacy rights, and caused her emotional distress. While the listed causes of action were not clear, appellant included 49 additional pages of "evidence and other important information" to "help with this case." Appellant sought financial compensation for these issues, including medical expenses, foster-care payments, lost wages, and stalled crime-reparations support. It appears appellant also requested an injunction and relief for emotional distress. As discussed, the district court found appellant's claims "frivolous" and denied her fee-waiver request on that basis.

In her notice of appeal, appellant references the date of the fee-waiver denial. In her statement of the case on appeal, appellant references the date and presiding judge of the fee-waiver denial. In her brief to this court, appellant does not mention the fee-waiver

denial directly. Rather, she reiterates the merits of her claims at the district court and adds additional factual and legal background. Appellant further contends that "this case should never [have] been escalated."

The county first argues that appellant forfeits her claims on appeal because she failed to make a legal argument. But her brief can be fairly construed as challenging the frivolousness determination by the district court. The district court issued only one order in this case. That order included only one sentence. And, as discussed above, appellant's filings clearly challenge the fee-waiver denial. Her failure to use the words "fee waiver" does not preclude our review. Moreover, all courts have "a duty to ensure fairness" to self-represented litigants, like appellant, "by allowing reasonable accommodation so long as there is no prejudice to the adverse party." *Kasson State Bank v. Haugen*, 410 N.W.2d 392, 395 (Minn. App. 1987); *see also Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) (noting that, while self-represented litigants are generally held to the same standards as attorneys, "some accommodations may be made for [them]"). Because we can discern no prejudice to the county, we conclude that interpreting this appeal as a challenge to the fee-waiver denial is a reasonable accommodation of self-represented appellant.

The county next argues that appellant forfeited her claims because she failed to cite to pertinent legal authority. It is true that the county cited to a relevant precedential decision, *Nelson v. Arroyo Ins. Servs., Inc.*, 23 N.W.3d 415 (Minn. App. 2025), and appellant did not. But appellant could not cite to our decision in *Nelson* in her brief because

4

it had not yet been issued.[3]  We may review claims that lack relevant citations when an appellant could not cite to applicable Minnesota caselaw because no relevant cases existed yet.  *See, e.g.*, *State v. Bursch*, 905 N.W.2d 884, 889 (Minn. App. 2017) (reviewing claims when appellant "not able to cite" to relevant caselaw because none existed).

Finally, the county acknowledges that even forfeited issues may be reviewed if "prejudicial error is obvious on mere inspection."  *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971); *see also State v. Montano*, 956 N.W.2d 643, 650 (Minn. 2021) (applying this standard of review).  The county does not provide substantive argument on this prong, but we conclude that prejudicial error is obvious here.  The district court did not provide any explanation for its fee-waiver denial.  We now have the *Nelson* opinion as binding precedent, which requires either an explicit or implicit explanation of the denial.  No explanation is apparent, as discussed below.  Given the unique facts and circumstances of this case, we conclude that our review is appropriate.

## II.  The district court abused its discretion by failing to set forth a reason for its fee-waiver denial.

Appellant challenges the district court's denial of her fee-waiver application.  We review a district court's denial of a fee-waiver application for an abuse of discretion. *Nelson*, 23 N.W.3d at 418.  A district court abuses its discretion if it improperly applies the law or if its decision is contrary to logic and the facts in the record.  *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022).

---

[3] We acknowledge that the district court also did not have the benefit of reviewing our opinion in *Nelson*, which we issued after the district court issued its fee-waiver denial in this case.

When denying a fee-waiver request, "a district court need not make extensive findings, but it should set forth a reason for its decision to enable meaningful appellate review." *Nelson*, 23 N.W.3d at 419. When reviewing a fee-waiver denial, appellate courts engage in a two-step analysis. *See id.* at 418-19. First, we review the denial itself for an explanation of the decision. *See id.* at 418. If the district court provides no explanation, "there is nothing to which this court can defer" and our review may be impossible. *Id.* (quotation omitted). Second, we inspect the complaint and the record to try to "discern an 'obvious' reason for the district court's denial of the fee-waiver request." *Id.* at 418 (quoting *Sterling State Bank v. Maas Com. Props., LLC*, 837 N.W.2d 733, 737 (Minn. App. 2013), *rev. denied* (Minn. Nov. 12, 2013)). If a "compelling reason is obvious," we may be able to review the district court's decision. *Id.* at 418-19 (quoting *Sterling*, 837 N.W.2d at 737). But, when there is neither a written explanation nor a compelling and obvious reason for the denial, "we cannot engage in meaningful appellate review" and we remand for further findings. *Id.* at 418-19.

The county acknowledges that our recent decision in *Nelson* applies here. In *Nelson*, the appellant filed a complaint, applied for a fee waiver, and received a form-order denial from the district court with a checked box indicating that the action was frivolous. *Id.* at 417. Appellant sought review of the fee-waiver denial, and we first noted that, given the checked box, the district court did not provide any explanation for us to review. *Id.* at 417-18. We next concluded that we could not discern any compelling and obvious reason for the district court's denial from our inspection of the complaint and record. *See id.* at 418-

6

As a result, we remanded the case back to the district court "for findings on [appellant's] request." *Id.* at 419.

The facts before us are similar. Here, appellant filed a complaint, applied for a fee waiver, and received a form-order denial from the district court with a checked box indicating that the action was frivolous. Appellant seeks review of the fee-waiver denial. Following the first step of the *Nelson* analysis, we note that the district court did not provide an explanation for us to review given only the checked box. *See id.* at 418. We therefore turn to the second step of the *Nelson* analysis and review the complaint and record to determine whether a compelling reason for the denial is obvious. *See id.* at 418-19.

Upon review of the record, we cannot discern a compelling and obvious reason for the district court's fee-waiver denial.[4] It appears that appellant alleged several potential interests and requested relief in the complaint. Appellant provided the district court with a variety of documents to support her concerns. No compelling reason is obvious to explain why the district court found these claims "frivolous."

Because of the unique facts and circumstances of this case, including the timing of the fee-waiver denial and our decision in *Nelson*, we remand to the district court for an explanation of the fee-waiver denial. In remanding, we express no opinion on whether appellant's claims are frivolous. Because the only issue on appeal is the fee-waiver denial,

---

[4] The county states that it cannot access the complaint so it did not analyze this issue.

we do not address the parties' additional arguments,[5] which may be raised as appropriate at another stage of litigation.

**Remanded.**

---

[5] To the extent that the county argues it is not a proper party or was improperly served in the district court case, we previously addressed those issues in a special-term order and concluded that they had "no effect on our jurisdiction over this appeal of the district court's denial of a fee waiver for the action." *Jemison v. Child Protection Service, et al.*, No. A25-0335 (Minn. App. May 30, 2025).

**WORKE**, Judge (dissenting)

I would affirm because Jemison has not made an argument on appeal challenging the denial of her fee-waiver application. She therefore has not met her burden of showing error by the district court, and we must affirm.

As I describe further below, I agree wholeheartedly with the rule of law established in *Nelson v. Arroyo Ins. Servs., Inc.*, 23 N.W.3d 415 (Minn. App. 2025). But in the matter before us, we should never reach or apply *Nelson*—we just do not get there. When an individual files an appeal, they have a responsibility to our court—a responsibility in ensuring that they follow all steps necessary to obtain review.

This appeal is only about the waiver of a filing fee. Yet, Jemison fails to even mention the fee-waiver denial, presents only incoherent arguments about the supposed merits of her case, and cites no caselaw in support of her position. This leads me to the absolute conclusion that the matter should be affirmed. I also note the majority opinion asserts that respondent agrees that *Nelson* applies. Again, no one disagrees with the *Nelson* holding. Rather, respondent argues for forfeiture in that Jemison failed to adequately brief any issue and that respondent is not an entity subject to suit and has never been properly served.

Here, Jemison attempts to appeal a district court order denying her application for a fee waiver to proceed on claims against various respondents that may or may not be properly named or even served. The basis of the underlying complaint is unclear, as is the appeal to this court. Jemison fails to meet her burden to demonstrate error on appeal; for us to now "fix" her inadequate filing by jumping in and scrutinizing a district

court order for preciseness is beyond our role in the appellate process. For this reason, I part company with the majority opinion in remanding this matter for further consideration.

I do not quarrel with the holding in *Nelson* that in the absence of findings supporting a frivolous determination, this court reviews the record to determine if it can discern a reason for the district court's determination that an action is frivolous. 23 N.W.3d at 418-19. Here, the pleadings are incoherent and do not establish a readable cause of action. Similar requirements apply to individuals on appeal. We are not tasked with addressing an appeal that is incoherent or incomplete. *See State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address inadequately briefed issue). This rule applies to all litigants, whether they are self-represented or represented by counsel. *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) (stating that this court has "repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules").

The multiple inadequacies in this matter are as follows: Jemison filed a statement of the case identifying only the decision-maker and the date of the decision. The space for a "[b]rief description of issues that were raised in the district court or agency, and how the district court judge or agency decided those issues" was left blank. The space for a "[s]hort description of the issues you are raising on appeal" was left blank.

Jemison filed an informal appellate brief providing a brief statement describing her stay at a homeless shelter with her children that led to a report of a mental-health crisis and a child-protection matter. She provided the following arguments: "1. No signs of child neglect or abuse 2. False informing of my current situation for all responders. 3. Conflict of interest from prior open cases." She concluded by stating that her children had not received reparations for the loss of their father, that she had safety issues regarding her personal information, that she sought full custody, and that she would like the court to consider name changes. Importantly, she never used the words "fee waiver" or any similar words that could be construed to challenge the district court's fee-waiver decision.

An informal brief "*shall* contain a concise statement of the party's arguments on appeal." Minn. R. Civ. App. P. 128.01 (emphasis added). Jemison did not provide a statement of a fee-waiver argument, and based on the statements in her brief, it is not obvious in the least that she is challenging the fee-waiver denial. As such, this issue should be deemed waived. *See Wintz*, 558 N.W.2d at 480 (declining to address inadequately briefed issue); *State v. Powers*, 654 N.W.2d 667, 676 (Minn. 2003) (stating that issues not addressed in an appellate brief are considered waived and will not be reviewed); *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) (stating issue unsupported by argument or authority in appellant's brief is "waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection"). Jemison did not adequately state an issue or brief any issue, much less a

fee-waiver issue. Again, she did not even use the words "fee waiver"; as such, there is no obvious prejudicial error.

"Appellate courts cannot presume error by the district court." *Butler v. Jakes*, 977 N.W.2d 867, 873 (Minn. App. 2022). And Jemison had the burden to establish that the district court erred. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 237 N.W.2d 76, 78 (Minn. 1975) (stating that party seeking relief on appeal must establish error and prejudice). Jemison failed to meet her burden to establish that the district court erred. I would therefore affirm.