*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0379**

In re the Marriage of: Kiran Kumar Arise, petitioner,
Appellant,

vs.

Anjali Naresh,
Respondent.

**Filed January 2, 2024**
**Affirmed**
**Schmidt, Judge**

Washington County District Court
File No. 82-FA-19-4468

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota (for appellant)

Kimberly J. Robinson, Jillian K. Duffy, Robinson, Duffy, PLLC, Minneapolis, Minnesota
(for respondent)

Considered and decided by Bratvold, Presiding Judge; Ross, Judge; and
Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

In this marital dissolution appeal, appellant Kiran Kumar Arise (husband) argues
the district court abused its discretion when it (1) imputed to husband the value of funds
lost in the stock market, (2) allocated foreign accounts as marital property, and (3) awarded
respondent Anjali Naresh (wife) conduct-based and need-based attorney fees. We affirm.

## FACTS[1]

In December 2006, husband and wife married in India and later moved to Minnesota. During the marriage, husband worked full time with a $21,841 gross monthly income. Wife did not work and stayed at home to care for their child. In July 2019, husband filed a petition to dissolve their thirteen-year marriage.

To value and divide assets, the parties agreed to a valuation date of September 30, 2019. As relevant to this appeal, the parties had a TD Ameritrade investment account and two American Express high yield savings accounts. The parties also spent substantial time and money litigating over accounts at ICICI Bank in India.

*TD Ameritrade and American Express accounts*

As of the valuation date—with agreed-upon post-valuation-date adjustments due to federal and state tax payments included—the parties had $254,652 in the TD Ameritrade investment account, $72,208 in one American Express savings account, and $200,310 in another American Express savings account.

After husband initiated the divorce proceedings and two days after wife requested informal discovery prior to a mediation, husband transferred an 80% ownership interest in the TD Ameritrade account to his brother. Following the transfer of ownership, husband moved $269,030 from the American Express high-yield savings accounts into the TD Ameritrade account through multiple transactions. The transfer of ownership and transfer

---

[1] The parties' dissolution proceedings have, as the district court noted, "endured an acrimonious and protracted procedural history." The recitation of these facts focuses on the three discrete issues on appeal.

of funds both occurred without wife's knowledge and without her consent. Prior to the commencement of the divorce proceedings, no transfers had been made from the American Express savings accounts to the TD Ameritrade account.

Husband then made a series of poor trading transactions and lost over $470,000 in the two years following the parties' agreed-upon valuation. On August 2022, the parties had just over $53,000 in the TD Ameritrade and American Express savings accounts.

In addressing wife's contention that husband breached his fiduciary duty to her, the district court determined that there "is extensive evidence that Husband did not act as fiduciary for [w]ife's interests[.]" The district court stated, "[T]here is nothing in the record that would support that [h]usband's intentions were bona fide." Specifically, the district court found husband's testimony was not credible and noted, "[T]hese transfers were yet another attempt by Husband to conceal assets from [w]ife in this dissolution."

*.ICICI accounts*

In written discovery, husband did not disclose any ICICI accounts or insurance policies. At his deposition, however, husband admitted he had two ICICI checking accounts and an ICICI life insurance policy. Wife filed a motion to compel discovery given husband's failure to disclose the ICICI accounts. The district court ordered husband to disclose all information related to the ICICI accounts and sign a release to allow wife and her counsel to access and verify the accounts.

Husband made no attempt to obtain the documentation for nearly a year. Husband sent a series of e-mails to the bank in India, but the communications were carefully worded, specific to identifiable account numbers, and sent from an e-mail address not linked to the

3

accounts. Wife tried to directly get information, but a representative at the ICICI bank responded that the bank would provide information only to the accountholder or if wife submitted a "clear, unambiguous authorization" from the accountholder.

Wife filed a second motion to compel related to the ICICI accounts. In a responsive affidavit, husband swore he had "no open accounts and the account that was there was closed in December 2012." The district court granted wife's motion to compel and ordered husband to send an e-mail to ICICI—as drafted by wife and her counsel—instructing the bank to release the documents directly to wife.

After additional difficulties, wife finally received the documents, which revealed an ICICI insurance policy that husband opened the same month he commenced the dissolution proceedings. Husband also held two ICICI accounts with which he had conducted transactions between July 2019 and September 2020.

At trial, husband and his father testified that the ICICI accounts belonged to husband's father. The district court found husband and his father's testimony to be "neither credible nor reliable," and "suspect and not supported by the evidence in the record." The district court further found "[h]usband's feigned attempts to obtain his account information from ICICI were disingenuous" and "undertaken in bad faith." The court found the ICICI accounts were marital property and determined that husband breached his fiduciary duty to wife by distributing proceeds to his brother in an attempt to conceal $58,197.

*Attorney fees*

The district court found husband made "concerted efforts to conceal assets from Wife, while trying to overwhelm her with a series of intrusive demands for her personal health information, under the guise of an unsupported alienation claim." The district court had previously awarded wife $40,000 in conduct-based attorney fees due to husband's conduct from the commencement of the dissolution proceedings until June 10, 2022. The district court awarded her an additional $25,932 in conduct-based attorney fees as well as $20,012.50 in expert's fees due to husband's conduct from June 10, 2022 until the date of the court's order. The court further awarded wife $35,000 in need-based attorney fees.

Husband appeals.

## DECISION

Husband challenges the district court's rulings regarding (1) the American Express and TD Ameritrade accounts, (2) the ICICI accounts, and (3) the award of attorney fees. We address each challenge in turn.

I.     **The district court did not abuse its discretion in determining husband breached his fiduciary duty to wife regarding the American Express accounts and TD Ameritrade account.**

Husband argues that the district court clearly erred in finding that he dissipated marital assets by transferring money from the American Express savings account into the TD Ameritrade account, and, by doing so, breached his fiduciary duty to wife. Husband contends that the district court failed to find that he made the transfers in the normal course of his business. We are not persuaded.

In reviewing a district court's findings under the clear error standard, we review the record to confirm that evidence exists to support the decision. *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 222 (Minn. 2021). "When the record reasonably supports the findings at issue on appeal, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary." *Id.* at 223 (quotation omitted). When applying the clear-error standard of review, appellate courts (1) view the evidence in the light most favorable to the findings; (2) do not reweigh the evidence; (3) do not find their own facts; and (4) do not reconcile conflicting evidence. *Id.* at 221-22.

During marriage dissolution proceedings, parties owe each other a fiduciary duty regarding their marital assets. Minn. Stat. § 518.58, subd. 1a (2022). During the pendency of these marriage dissolution proceedings—and after the parties' stipulated to a specific valuation date—husband transferred an 80% ownership interest in the TD Ameritrade account to his brother. Husband then made three transfers—totaling $269,030—from the high-yield American Express savings accounts into the TD Ameritrade account. The district court found, and the husband does appear to dispute, that the three transfers were voluntary and made without wife's knowledge or consent. After the transfers, husband lost significant funds in the stock market.

Husband argues the district court should have found that the transfers were made as part of his normal business. Husband's argument on this point is defective in two respects. First, it does not affirmatively show that the district court clearly erred in making the finding that it did make, regardless of whether the record could support other findings. *Kenney*, 963 N.W.2d at 223 ("When the record reasonably supports the findings at issue

6

on appeal, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary."). And second, even ignoring the first defect, the record does not support the finding that husband wanted the district court to make. As recently noted by this court:

> The question on appeal is *not* whether the record *could* support the findings husband wanted the district court to make—it is whether the evidence *does* support the findings that the district court *did* make. *See Kenney*, 963 N.W.2d at 223 ("When the record reasonably supports the findings at issue on appeal, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary." (quotation omitted)); *Vangsness v. Vangsness*, 607 N.W.2d [468,] 474 [(Minn. App. 2000)] ("That the record might support findings other than those made by the [district] court does not show that the court's findings are defective."). An argument that simply cites evidence that *could* support findings that differ from those made by the district court does not identify the evidence that *supports* the findings that the district court made. Nor does it explain why, when we are required to view that evidence in the light most favorable to the findings of the district court, those findings are *clearly* erroneous. *See Kenney*, 963 N.W.2d at 221. Thus, challenging a district court's findings of fact by simply marshalling evidence that could support findings that differ from those made by the district court is an inadequate way to challenge those findings. Here, there is evidence to support the district court's findings and husband has not attempted to show how, given that evidence, the district court's findings are clearly erroneous. Therefore, our inquiry on this point is done. *See id.* at 222 ("[A]n appellate court need not go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the [district] court." (quotation omitted)).

*McDonald v. McDonald*, No. A22-1421, 2023 WL 8361312, at *6 (Minn. App. Dec. 4, 2023) (italics in original).[2]

---

[2] *McDonald* is a nonprecedential opinion, cited for its persuasive value. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).

The district court found that the bank records showed no prior transfers from the savings account to the investment account before the divorce proceedings began. The court also found husband had no valid reason for the transfers. These findings are supported by evidence in the record. Moreover, the district court did not find husband's testimony that the transfers were necessary to sustain his trading activity to be credible.

Despite the finding that husband did not make the transfers in his usual course of business, husband argues the district court should have considered market losses to the TD Ameritrade account and ordered wife to share in the losses. Under the statute, a district court "*may* adjust the valuation of" an asset if there has been a "substantial change in value of an asset between the date of valuation and the final distribution[.]" Minn. Stat. § 518.58, subd. 1 (2022) (emphasis added). But the district court has no obligation to make such an adjustment. *Id.*; *see also* Minn. Stat. § 645.44, subd. 15 (2022) ("'[m]ay' is permissive"); *Lee v. Lee*, 775 N.W.2d 631, 643 (Minn. 2009). The district court did not abuse its discretion in refusing to adjust the valuation and order wife to share in the losses.

After the district court determined husband dissipated marital assets, the court was required to compensate wife "by placing both parties in the same position that they would have been in had the transfer, encumbrance, concealment, or disposal not occurred." Minn. Stat. § 518.58, subd. 1a. In compensating wife, the district court imputed the entire value of the transfers to husband in order to place "both parties in the same position that they would have been in had the transfer and concealment not occurred." *See id.* ("In compensating a party under this section, the court . . . may impute the entire value of an asset . . . to the party who transferred, encumbered, concealed, or disposed of it.").

8

Husband contends the "attempted concealment" only concerned husband adding his brother as a co-owner in the TD Ameritrade account with an 80% ownership interest. We do not read the district court's concealment-related findings so narrowly. The district court found the concealment consisted not only of husband adding his brother to the account, but also due to husband's three transfers from the savings to the trading accounts without wife's knowledge or consent. The district court further found husband had not previously made such transfers in the normal course of his business or in the normal course of their marriage. Ultimately, the district court found that "these transfers were yet another attempt by Husband to conceal assets from Wife in this dissolution."[3]

We conclude the district court did not clearly err in its findings that husband breached his fiduciary duty to wife by transferring marital assets out of the parties' American Express savings account without wife's consent or agreement after the parties stipulated to a specific valuation date. We further conclude that, given husband's attempted concealment, the district court did not abuse its discretion in imputing the value of the loss to husband and declining to adjust the valuation of the asset.

---

[3] On appeal, husband recognized the statute provides a remedy for an "actual concealment." *See* Minn. Stat. § 518.58, subd. 1a (stating if a party conceals marital assets, "the court shall compensate the other party by placing both parties in the same position that they would have been in had the transfer, encumbrance, concealment, or disposal not occurred"). Husband insists, however, that the statute provides no remedy for an "attempted concealment." We reject this contention. If husband "actually concealed" the assets, no one—wife, wife's expert, the district court, or this court—would know that these assets existed. By its nature, any concealments addressed by the parties and brought to the court's attention were "attempts" to conceal. The fact that husband failed in his attempt to conceal the transferred assets does not remove his conduct from the statutory remedy.

9

**II. The district court properly concluded that the ICICI accounts are marital property.**

Husband argues the district court erred in determining the ICICI accounts are marital property. We disagree.

The ICICI accounts were opened after the parties' marriage and before the valuation date, which makes the ICICI accounts presumptively marital property. *See* Minn. Stat. § 518.003, subd. 3b(d) (2022) ("property acquired by either spouse subsequent to the marriage and before the valuation date is presumed to be marital property"); *Baker v. Baker*, 753 N.W.2d 644, 649-50 (Minn. 2008). Whether property is marital or nonmarital is a question of law that we review de novo, but we defer to a district court's underlying findings of fact unless those findings are clearly erroneous. *Olsen v. Olsen*, 562 N.W.2d 797, 800 (Minn. 1997).

On appeal, husband contends the district court erred in determining the ICICI accounts were marital assets because "Husband and his father testified that the accounts were solely funded by the father and that the transfer to his brother was accomplished by the father." But husband ignores the district court's credibility findings as to husband and his father's testimony related to the ICICI accounts:

- "The testimony of [h]usband and [his father] regarding the ownership of the subject ICICI accounts is suspect and not supported by the evidence in the record."

- "[T]he sum and substance of their testimony, on this issue, simply was not credible."

- "Once again, [the district court] finds that the testimony of [h]usband and his father . . . is neither credible nor reliable."

10

In rejecting husband's arguments and concluding the ICICI accounts were marital, the district court wrote:

> [The district court] finds that [h]usband did not prove, by a preponderance of the evidence, that ICICI accounts *6748 and *7084 are nonmarital. The only evidence [h]usband produced to support his claim was his testimony and the testimony of his father . . . which [the district court] finds to be neither credible nor persuasive. In fact, the testimony is inconsistent with [h]usband's previous testimony and statements to [the district court], as well as the documents admitted into evidence.

This court must defer to a district court's assessment of a witness's credibility. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). Given the district court's extensive and well-supported credibility findings, we conclude the district court neither clearly erred in its findings, nor erred in its determination that the ICICI accounts are marital assets.

## III. The district court did not abuse its discretion in awarding attorney fees.

Husband argues the district court abused its discretion in awarding wife attorney fees based upon husband's conduct and wife's need. We disagree.

### A. Conduct-based attorney fees

Husband argues that "[b]ecause the dissipation findings are in error, the award of conduct-based fees must be reversed." Conduct-based attorney fee awards "are discretionary with the district court." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 295 (Minn. App. 2007); *In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010). A district court may award attorney fees if a party unreasonably contributed to the length or expense of a proceeding. Minn. Stat. § 518.14, subd. 1 (2022); *Baertsch v. Baertsch*, 886 N.W.2d 235, 238-39 (Minn. App. 2016).

11

Since we affirm the district court's findings of fact and conclusions of law regarding the ICICI accounts, husband's sole argument for reversal of the award of conduct-based attorney fees falls short. We defer, as we must, to the district court's credibility findings that rejected husband and his father's testimony. *Sefkow*, 427 N.W.2d at 210. Unsupported by credible testimony, husband's appellate arguments to reverse the district court's dissipation determinations must fail.

We also find support in the record for the district court's finding that husband's "conduct has unreasonably contributed to the length and expense of these proceedings." The district court extensively examined the evidence of husband's attempt to conceal the ICICI accounts, including: failing to disclose the assets in discovery, failing to list the accounts in a signed affidavit which forced wife to file a motion to compel, "feign[ing] attempts to obtain his account information" in response to the court's order compelling discovery, forcing wife to file a second motion to compel, and liquidating the ICICI accounts after husband learned wife "had tangible information regarding" his accounts.

In awarding conduct-based fees, the district court found husband's conduct forced wife to "spend considerable time, energy, and money in her tireless efforts to obtain the ICICI records[.]" The district court found that "if [h]usband had not concealed and dissipated the parties' marital assets in a very calculated attempt to hide assets from [w]ife, [the] trial would likely not have been necessary." The district court's factual findings are supported by the record and its award of conduct-based attorney fees was well within the court's discretion.

**B. Need-based attorney fees**

Husband challenges the district court's award of need-based attorney fees to wife, which we review for an abuse of discretion. *Kremer v. Kremer*, 889 N.W.2d 41, 55 (Minn. App. 2017), *aff'd*, 912 N.W.2d 617 (Minn. 2018).

The statute requires a district court to award need-based attorney fees if the court finds the following statutory requirements are met:

> (1)      that the fees are necessary for the good faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;
>
> (2)      that the party from whom fees, costs, and disbursements are sought has the means to pay them; and
>
> (3)      that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Minn. Stat. § 518.14, subd. 1. A district court's failure to make specific findings on these statutory factors is "not fatal to an award where review of the order 'reasonably implies' that the district court considered the relevant factors and where the district court 'was familiar with the history of the case' and 'had access to the parties' financial records.'" *Geske v. Marcolina*, 624 N.W.2d 813, 817 (Minn. App. 2001) (quoting *Gully v. Gully*, 599 N.W.2d 814, 825-26 (Minn. 1999)).

Husband argues we should reverse the need-based attorney fees because the district court "did not find that an award of need-based fees was necessary for the good faith assertion of [wife's] rights." But the district court found that wife "has a need" for the fees, and on review we conclude that the order reasonably implies the court considered the

wife's good-faith need to assert her rights in the dissolution proceedings. The district court also considered the remaining two statutory factors related to each parties' ability to pay. Thus, the district court did not abuse its discretion in awarding wife need-based fees.

**Affirmed.**